JACKSON vs. THE STATE OF GEORGIA.

Where accused and deceased had a quarrel, and the former stabbed the latter, who died from the effects of the wound thereby made, and the evidence for the accused showed that the deceased was the aggressor, passed the first insult, made an assault upon the accused, threw him out of the house, caught him around the body and endeavored to throw him to the ground, and that during the scuffle the stab was made, it was error to instruct the jury, in substance, that if accused stabbed deceased intentionally, it would not be voluntary manslaughter, and to intimate that it would be murder. If deceased made an actual assault or attempted to commit a serious personal injury on accused, or if there were other equivalent circumstances to justify the excitement of passion and to exclude all idea of deliberation or malice, either express or implied, the stabbing was not murder but voluntary manslaughter, although accused intended to kill when he stabbed.

March 18, 1889.

Criminal law. Murder. Manslaughter. Charge of court. Before Judge BOWER. Decatur superior court. May term, 1888.

Reported in the decision.

DONALSON & HAWES, for plaintiff in error.

CLIFFORD ANDERSON, attorney-general, by brief, and W. N. SPENCE, solicitor-general, for the State.

SIMMONS, Justice.

Jackson was convicted of the crime of murder. The evidence for the State shows that he and one Williams had a quarrel, and that Jackson stabbed Williams, who died, two or three weeks thereafter, from the effects of the wound. The State's evidence would seem to indicate that Jackson was not justifiable in the stabbing, and there were not such mitigating circumstances as to reduce the offence from murder to manslaughter. The

v 82-29

evidence for the defendant shows, that Williams, the deceased, was the aggressor, and passed the first insult, and that he made an assault upon Jackson and threw him out of the house and caught him around the body, and endeavored to throw him upon the ground, and that during this scuffle he was stabbed by Jackson. Jackson, in his statement, said that in his effort to free himself from Williams, he unintentionally stabbed him.

The court charged the jury as follows : " If the defendant did the stabbing intentionally, though he may not have intended it to kill Williams, yet if he intended to stab him and it killed him, it would not be voluntary manslaughter, but he would be responsible for the consequences of the stab, though he might not have intended for the stab to kill Williams. If one stab another intentionally, he must take the consequences of the stab, whether he intended to kill or not. If the stabbing he did killed, the law would hold him to the intention to kill, unless there be evidence that would fully satisfy the jury that there was no such intention. It is contended by the defendant that he made a backhanded lick at Williams, and if he cut him, he cut him in that way, and that he had no intention of cutting or of killing him. If he made a back-handed lick and intended thereby to stab Williams, and did stab him, he would be responsible for the consequences of the stab, whether he intended for it to kill or not. Persons are not allowed to form secret intention not to kill a man, and stab him in a fatal place and produce death, and not be responsible for it ; they must take the consequences of their acts. If the jury believe that he intended to stab him, he could not be found guilty of involuntary manslaughter, but would be responsible for the consequences of the stab, under the rules given in charge."

We think the charge was erroneous. The theory of the defendant was, that the offence was involuntary manslaughter, at least not of a higher grade than voluntary manslaughter. This theory was entirely ignored by the court in its charge. We think that if Williams, the deceased, had made an actual assault upon Jackson, or had attempted to commit a serious personal injury on Jackson, or if there were other equivalent circumstances to justify the excitement of passion and to exclude all idea of deliberation or malice, either express or implied, and Jackson had stabbed him, and he had died from the wound thus inflicted, it would not have been murder, but voluntary manslaughter, although Jackson had intended to kill Williams when he stabbed him. Under these circumstances, a man may kill another intentionally and not be guilty of murder. This view of the law the court, in the charge above set out, excluded entirely from the consideration of the jury, instructing them, in substance, that if Jackson stabbed Williams intentionally it would not be voluntary manslaughter, and intimating that it would be murder.

These views not having been presented to the jury by the court, the defendant was deprived of the theory of his defence. The view presented by the court, in the abstract, is correct, viz. that if a man without any provocation wantonly and recklessly stab another without any intention to kill him, he would be responsible for the consequences of the act; but we think that this principle ought to have been qualified by the court in the charge above excepted to, when he was applying this principle to the real facts in the case.

Judgment reversed.