### HATELEY v. THE STATE.

1. On the trial of one indicted for criminal trespass, under the Penal Code, § 219, par. 1, where the sole defense of the accused is that he has title to the land, and consequently could not be guilty of trespass upon it, and muniments of title are introduced in evidence to sustain this defense, it is error for the court to give to the jury a charge which in effect instructs them to disregard all evidence of title introduced by the accused. Any evidence of title in the accused has a strong probative effect to show the bona fides of his acts alleged to have constituted a trespass.
2. Penal Code, § 219, par. 1, was not designed to try disputed land titles, but to punish those who *wilfully*, and without claim of right, commit acts of trespass on the lands of others.

Argued May 18, — Decided May 30, 1903.

Indictment for trespass. Before Judge Hodnett. City court of Carrollton. March 12, 1903.

*James Beall* and *R. D. Jackson*, for plaintiff in error.
*Sidney Holderness, solicitor*, and *Oscar Reese*, contra.

CANDLER, J. Hateley and others were indicted in Carroll superior court, under the Penal Code, § 219, par. 1, for the offense of

trespass.   The case was transferred to the city court of Carrollton,. where it was tried, and the accused convicted.  He made a motion for a new trial, which was overruled, and he excepted.    A number of points are made in the record, but in disposing of them it is nec- essary to deal with only two questions, both of which arise out of the charge of the court.   On account of the way the record is made up, we have had considerable difficulty in giving the case the considera- tion to which it is entitled.   The documentary evidence introduced on the trial is briefed in such a manner that it is impossible to tell what it really shows.   It is briefed too much, while on the other hand the oral evidence is not briefed sufficiently, but abounds in questions and answers, repetitions, and the like.    We take this occasion to again call the attention of the bar to the rules of court in regard to this matter, and to the added burdens that are placed upon the mem- bers of this bench by reason of the lax methods prevailing in the preparation of records.   The General Assembly at each session cre- ates many city courts from which writs of error lie to this court. The large number of misdemeanor cases presented for our determi- nation from these city courts add greatly to the volume of business here, and render still more crowded an already overcrowded docket. It is our duty to carefully consider all these cases ; and if we are to do it well in the limited time at our disposal, we must ask that counsel bringing cases to this court do the work devolving upon them in such a manner as not to unnecessarily burden us in ascer- taining the facts from the records.

The following portion of the charge of the court is assigned as error:  " Gentlemen of the jury, you understand about the conten- tions in this case.    It would make no difference when the broth- ers and sister of the defendant, and the mother of A. J. Hateley, agreed that he might have their interest in this land, if they had any.   You are not trying his titles to the land ; you are not inves- tigating the question as to whether or not A. J. Hateley owned the entire property or owned any interest in it ; the question is, did he honestly and in good faith believe that he owned this property and had the legal right to cut this timber ?   That is the main question in the case."  It is contended that it was erroneous to instruct the jury that they were not trying the title to the land, without further telling them that they might, however, consider the claim of the accused and the deeds and other evidences of title offered by him,

in order to determine whether or not he had entered upon the land in good faith.    We think the exception to this charge is well taken.    An examination of the entire charge of the court appearing in the record discloses that the jury were instructed that they were to consider whether or not the accused went upon the land in good faith, but they were also repeatedly told that they had nothing to do with the title, and that they were not trying it.    We fail to see how it was possible to give any credit to the claim of the accused that he entered upon the land in good faith and was entitled to go upon it, without considering the basis of his claim and his contention that he had a better title to the land than had the prosecutors. While it is true that a verdict of guilty or not guilty could not, in a prosecution for trespass, settle the title to the land, the jury, in determining the question of good faith, should have been allowed to investigate the evidences of title submitted by the accused, as well as those offered to sustain the contentions of the prosecutors. The various deeds offered by both sides were all in evidence, and without considering the various evidences of title offered in evidence by the accused the jury could not say whether he committed the acts alleged to have been acts of trespass, under a bona fide claim of right or not.    The accused was charged with *wilfully* cutting and felling certain trees and timber upon land the title to which was alleged to be in other parties named in the bill of indictment.    He did not deny cutting the timber, but claimed to have been in possession of the land for forty years.    If he had been in the open, notorious, peaceable, uninterrupted, and adverse possession of the land for that length of time, he had title to it without reference to whether he had a deed to it from anybody.    The statute upon which this indictment was founded was never intended to be used as a mode of settling disputed claims of title.    It provides that the act of cutting must be *wilful*, and the sense of the word "wilful," as used in this connection, is, intentionally, malevolently, "with a bad purpose," "an evil purpose," "without ground for believing the act to be lawful."    *King* v. *State*, 103 *Ga.* 265. When a defendant in good faith cuts timber from land upon which he believes he has the legal right to go, from land where he has for many years been cutting timber, and from land to which he has such a title as to justify an honest belief that he has a right so to do, he can not be convicted of wilfully cutting and felling trees and

timber under the paragraph of the code section upon which the indictment in this case was founded.　Where one by mistake commits trespass upon lands of another, bona fide, the injured one can only recover actual, and never punitive, damages in a civil suit. *Georgia R. Co.* v. *Gardner*, 115 *Ga.* 954, and cases cited.　In nothing that we say do we intend to intimate that the question of intention and good faith is not one for the jury ; but in order to authorize a conviction there must be evidence that the accused acted intentionally, malevolently, and without regard to the property rights of the owner of the land.　In cases of bona fide conflicting claims to title, the remedy of the injured party is by resort to the civil courts.

Other than as herein set out, we find nothing in the record to indicate that any error was committed on the trial in the lower court. The case is sent back for another hearing, on the sole ground that the court erred in the charge which has been quoted, and that the error must of necessity have been prejudicial to the accused.

*Judgment reversed.　By five Justices.*