## 803. BLACK *v.* THE STATE.

In a prosecution for trespass by cutting wood or timber, under the Penal Code, §219, par. 1, wilfulness is an ingredient of the crime. The word "wilful," as used in this section, means "intentionally, malevolently, with a bad purpose, an evil purpose, without ground for believing the act to be lawful."

Accusation of trespass, from city court of Fitzgerald—Judge Jay. October 4, 1907.

Submitted December 9,—Decided December 20, 1907.

*O. H. Elkins,* for plaintiff in error

*A. J. McDonald, solicitor,* contra.

POWELL, J. Under section 219 of the Penal Code, "The wilful cutting or felling of any wood, [or] timber, . . upon the land, inclosed or uninclosed, of another, without the consent of the owner," is an indictable trespass. Wilfulness is an essential ingredient of the offense. The word "wilful" as used in this statute means "intentionally, malevolently, 'with a bad purpose,' 'an evil purpose,' 'without ground for believing the act to be lawful.'" *Hateley* v. *State,* 118 *Ga.* 81 (44 S. E. 852) ; *King* v. *State,* 103 *Ga.* 265 (30 S. E. 30).

The defendant, a boy, was given permission by a Mr. Lockett to cut a load of wood and use it. Lockett had the right to cut wood anywhere on the lands of one Clare. Clare had told Lockett that all the wood north of Lockett's house and in the direction where he sent the boy to get the wood was his. The line between the lands of Clare and of the prosecutor, as a matter of fact, ran through the woods; and the trees cut by the defendant were over the line on the prosecutor's side. The wood was cut and carried away in the presence of Lockett and of the prosecutor's agent, who did not inform the defendant he was trespassing. Afterwards, when the prosecutor contended that the wood was cut on his land, Lockett and the boy offered to pay her the full value, but she demanded $12 for the load of wood; and when they refused to pay this amount, she instituted the prosecution against the boy. The verdict of guilty rendered under such circumstances is unlawful. The element of wilfulness had not been proved, and, to the contrary, was clearly disproved. *Wiggins* v. *State,* 119 *Ga.* 216 (46 S. E. 86) ; *Murphey* v. *State,* 115 *Ga.* 201 (41 S. E. 685) ; *Hateley* v. *State,* supra.                                          *Judgment reversed.*