### 1817.   MANNING *v.* THE STATE.

RUSSELL, J. A mad dog is a public enemy; and to shoot at a mad dog is. not the wilful and wanton firing of a weapon, within the terms of the act of 1898 (Acts of 1898, p. 107), which forbids the shooting of firearms on Sunday. It is the duty of the court, upon the trial of one charged with a violation of this statute, to instruct the jury as to the meaning of the words "wilful and wanton," as used in the statute; and it is error to restrict the defense of the accused to cases of actual self-defense or defense of property. It is for the jury to determine whether shooting at. a mad dog on Sunday is a wilful and wanton shooting, within the mean-

ing of the statute, although they might believe that the dog was fleeing at the time he was shot at, and that neither the defendant's person nor his property was in danger.        *Judgment reversed.*

Accusation of shooting on Sunday, from city court of Monticello—Judge Thurman.  March 16, 1909.

Submitted May 4,—Decided May 18, 1909.

The only evidence introduced was, in substance, that the accused was seen to get out of his buggy in a road in Jasper county on a specified Sunday and go to the side of the road and fire his pistol, and that when asked what he had shot at, he said "a mad dog." In the motion for a new trial it was alleged, that the verdict was without evidence to support it, and that the court erred in charging the jury that if the accused shot on Sunday, not in defense of person or property, they should find him guilty; and erred in not charging that in order to convict, they must find that he fired the pistol wilfully and wantonly, and in not defining the words "wilfully" and "wantonly."

*Greene F. Johnson,* for plaintiff in error.
*Doyle Campbell, solicitor,* contra.