### 3132.　KENDALL v. THE STATE.

1. No material error of law appears, and there is some evidence to support the verdict.
2. The word "wilfully," as used with relation to penal offenses, ordinarily means more than "intentionally;" it refers to an act done purposely to commit the particular wrong forbidden by the law. This is the sense in which it is used in the statute providing for the punishment of any person who shall "wilfully interrupt or disturb any public school," etc. (Penal Code of 1910, § 424).

DECIDED SEPTEMBER 30, 1911.

Accusation of disturbing school; from city court of Sylvester— Judge Williamson. December 9, 1910.

*Perry, Foy & Monk, J. J. Forehand & Son,* for plaintiff in error.
*J. H. Tipton, solicitor,* contra.

RUSSELL, J. The plaintiff in error was convicted of a violation of section 424 of the Penal Code (1910), which is in the following language: "Any person who shall wilfully interrupt or disturb any public school, private school, or Sunday-school, or any assemblage or meeting of any such school, lawfully and peacefully held for the purpose of scientific, literary, social, or religious improvement, either within or without the place where such school is usually held, shall be guilty of a misdemeanor." His motion for a new trial was overruled, and he brings error.

In so far as the general grounds of the motion for a new trial are concerned, we may content ourselves with the statement that there was evidence to authorize the verdict; and unless some prejudicial error of law appears, this court can not disturb the finding of the jury. The motion for a new trial contains numerous assignments of error, but they involve no novel principle of law of general interest, and with one exception do not demand any discussion. This one relates to the definition which it is claimed the court gave to the word "wilfully," in the statute which qualifies or characterizes the criminal act of interrupting or disturbing a lawful assemblage of persons therein described. On this subject the court charged as follows: "You will consider whether or not an assembly of the character alleged in the accusation was disturbed, and whether or not it was disturbed in the manner alleged in the accusation (and I mean by that in any of the ways alleged in the accusation), and you will determine whether or not wilfully; and if you find that the disturbance was intentional, it would be wilful."

The gravamen of the complaint against this charge is that the court defined the word "wilfully," in the statute, as entirely synonymous with the word "intentionally," and that this interpretation of the word was too narrow, and was incorrect because the word "wilfully," in the statute, implies something more than intentionally. We think that the word "wilfully," in this criminal statute, and in most criminal statutes, is a stronger word than the word "intentionally," and is broader and more comprehensive in its meaning; it embraces "intentionally" in its meaning, but it means an intentional act committed with an evil design or purpose, and without legal justification. In other words, it means the intentional and deliberate doing of the wrongful act prohibited by the statute. See definitions of the words "wilful" and "wilfully," in Words and Phrases Judicially Defined, Vol. 8, pp. 7471 et seq.

The facts of this case illustrate fully the import of the word "wilfully," as distinguished from the word "intentionally," which we have attempted to show. Here the accused had a difficulty in an assembly of people held for school purposes. He claims that the difficulty was provoked, and that he was justifiable in his act, so far as the difficulty was concerned; that his purpose was not to disturb the assemblage, although he did intentionally do the act which in its consequence disturbed them. We think that the evidence warranted the jury in finding that he not only intentionally did the act which in its consequences disturbed the assemblage, but that he did in fact wilfully disturb them; that he did something more than merely engage in a difficulty, in that he designedly and wilfully disturbed the people assembled in the schoolhouse; and we think the trial judge, in the instruction excepted to, fully conveyed to the jury the idea that the act of the defendant which would be a violation of the statute was not the committing of the act of disorderly conduct, but was the intentional or wilful disturbing of the congregation or assemblage of people; in other words, not only an intentional participation in the difficulty which in its consequences did disturb the assemblage, but wilfully acting so as to create a disturbance; and that a broader and stronger definition of the word "wilfully," as applicable to this statute, than the word "intentionally" was fully elucidated in the charge. We therefore conclude that this excerpt from the charge was not subject to the criticism contained in the exception.          *Judgment affirmed.*