## 11049.   HENDERSON *v.* THE STATE.

BROYLES, C. J.   The evidence, with the legal deductions and inferences therefrom, authorized a finding that the defendant violated section 424 of the Penal Code by wilfully interrupting and disturbing a meeting of a public school, lawfully and peacefully held in the schoolhouse for the purpose of social improvement.   This is true although the meeting was an entertainment (consisting of recitations, music, and a "play," by the pupils of the school), given at a time when there was no formal or ordinary session of the school itself for the purpose of instructing the pupils in their usual studies.   See, in this connection, *Gazaway* v. *State*, 9 *Ga. App.* 194 (70 S. E. 978); *Harwell* v. *State*, 10 *Ga. App.* 115 (72 S. E. 936).

> *Judgment affirmed.   Bloodworth, J., concurs.   Luke, J., dissents.*
> DECIDED JANUARY 27, 1920.

Indictment for misdemeanor; from city court of Blackshear— Judge Mitchell.   October 11, 1919.

The indictment charged Tobe Henderson with having interrupted and disturbed a public school by loud talking and boisterous conduct, the school "being an assemblage and meeting lawfully and peacefully held for the purpose of scientific, literary, and social improvement."   On the trial it was testified, that in December, 1917, a play was given at night by the public school at Hoboken, in Pierce county; the play was given by the school children, and it was an assemblage of the school for the purpose of social improvement; there were recitations and music, and there was also a play with the school children as actors, and some of them had on masks, wigs, and different kinds of costumes, and they sold soda-water, peanuts, and other things for the benefit of the school.   It was testified, that during the play the defendant Tobe Henderson came to the schoolhouse, put a sheet over himself, was running and dancing up and down the floor, attempted to grab some girls and pull them under the sheet with him, talked loudly, used such expressions as "Look out," and "Get out of the way," and his conduct was so rough and boisterous that it disturbed the assemblage and caused them to break up and go home before the entertainment was over.   One of the witnesses smelled whisky on his breath.   The school was not in session that night.   Witnesses for the defendant testified, that while Tobe Henderson was dancing around on the floor, with the sheet over him, others were doing the same thing; they were having a masked parade or ball, and everybody was talking and laughing, eating peanuts, drinking soda-

water and lemonade, dancing, playing, and having a good time; and these witnesses did not see him doing anything the others did not do; "it was a free for all good time, apparently;" there were no school exercises of any kind; it was only a public entertainment or ball, and nothing was said or done to disturb anybody; they stayed there until about eleven o'clock, and everybody left quietly and peaceably. The defendant, in his statement at the trial, said that he was invited by "the girls of Hoboken" to attend a masked party at the time referred to in the evidence, and went there with others, and when he got there they were all talking, laughing, and holloing and having a good time, and a certain girl (named) asked where was his mask, and said, "There is a sheet; wrap up in it," and he did so and joined in the merrymaking, without saying or doing anything to disturb anybody, and behaved just as the others did until he left the place. It was testified that Henry Hamilton, one of the witnesses, had said that he saw Tobe Henderson get a sheet out of a car and take it into the schoolhouse with him. Hamilton, in his testimony, had denied making such a statement. The motion for a new trial was on the grounds that the verdict was contrary to law and to the evidence.

*James R. Thomas,* for plaintiff in error.

*S. Thomas Memory, solicitor,* contrá.

LUKE, J., dissenting. I do not agree with the majority view of this case. In my opinion the evidence does not authorize the conviction of the defendant of wilfully interrupting and disturbing a meeting of a public school. Section 424 of the Penal Code is in the following language: "Any person who shall wilfully interrupt or disturb any public school, private school, or Sunday-school, or any assemblage or meeting of any such school, lawfully and peacefully held for the purpose of scientific, literary; social, or religious improvement, either within or without the place where such school is usually held, shall be guilty of a misdemeanor." The evidence in this case, in my opinion, does not authorize the finding that within the meaning of the statute there was a meeting of a school for the purposes pointed out in the statute. See *Harwell* v. *State,* supra. See also in this connection, *Kendall* v. *State,* 9 *Ga. App.* 794 (2) (72 S. E. 164).