*Brock, Sparks & Russell,* contra.

---

DAVIS *v.* DAVISON *et al.,* prison commissioners.

Section 378 of the Penal Code is not void as violative of the constitution, art. 3, sec. 7, par. 8.

No. 4869.   JUNE 20, 1925.

Habeas corpus. Before Judge Howard. Fulton superior court. April 11, 1925.

*William G. McRae* and *George G. Finch,* for plaintiff.

*C. C. Smith* and *T. E. Patterson,* for defendants.

BECK, P. J.   Marion Davis, the plaintiff in error, was convicted in DeKalb superior court of the crime of seduction, and sentenced to imprisonment in the penitentiary, into which he was afterwards received, being confined since that time in the convict camp of DeKalb County by the warden. Before the expiration of his sentence he brought a petition for a writ of habeas corpus, in which he contends that there is no crime of seduction under the laws of Georgia; that section 378 of the Penal Code, which makes seduction a felony, is unconstitutional and void, being violative of article 3, section 7, paragraph 8, of the constitution of the State of Georgia, as embodied in the Civil Code, § 6437, which provides that "No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof." Upon hearing, the court denied the prayers of the petition.

We will not take up the history of section 378 of the Penal Code,

35

making seduction a felony, and decide whether or. not seduction was a crime under the laws of Georgia prior to the Code of 1863; but this law was embodied in the Code of 1863, and all subsequent codes. It has also received specific legislative recognition by the act of 1893, which amends the section and sets it out in full as amended as a statute of the State of Georgia. Ga. Laws 1893, p. 39. In adopting the Code as the law of Georgia, the legislature enacted into law the various sections therein contained which "could be constitutionally enacted by the legislature." That has been declared in more than one decision by this court; among them, the decision in the case of *Central Ry. Co.* v. *State,* 104 *Ga.* 831 (31 S. E. 531, 42 L. R. A. 518). We have been asked to review and reverse that decision, but upon review the decision is adhered to. And, without going into other authorities, that case settles the controlling question here adversely to the plaintiff in error.

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent for providential cause.*