## 27445. HEATON v. THE STATE.

DECIDED APRIL 6, 1939. REHEARING DENIED JULY 26, 1939.

*Charles W. Anderson,* for plaintiff in error.

*Robert D. Tisinger, solicitor,* contra.

MACINTYRE, J. The motion for new trial was overruled on November 11, 1938, and the bill of exceptions was tendered to the judge on December 10th, 1938. It affirmatively appearing from the bill of exceptions that it was tendered to the trial judge for certification more than twenty days after the ruling complained of, this court is without jurisdiction to entertain the case. Code, § 6-903. Therefore the writ of error is

*Dismissed. Broyles, C. J., and Guerry, J., concur.*

ON MOTION FOR REHEARING.

MacINTYRE, J. The movant, in his motion for rehearing, contends: "Patently this motion and judgment of dismissal is based on the statute of 1890-1, page 108, Code, §§ 6-903 and 6-904 (P. C. 1910, § 1102), and that said act was not of binding force and effect, and is not now, first: for the reason that it is violative of the constitution of this State, art, 3, sec. 7, and par. 8 [Code, § 2-1808], for that said title is too indefinite, uncertain, and uninformative to put the members of the General Assembly upon notice of the contents and purport thereof, particularly as to the time within which to present exceptions, and did not apprise them definitely of the matters and things embraced therein as required by said section, and is in derogation and violative of the said constitutional provisions, and, second: for the reason that said act attempts to repeal a law of general force and effect as to the same general subject-matter, which was then of force and effect, and which statute is still of force, because this act of 1890-1, p. 108, supra, does not clearly specify and indicate a purpose to repeal a particular statute, to wit, act of 1875, p. 24, regulating the time of tendering and signing of bills of exceptions, then and now of force and effect, and such statute of 1890-1, supra, is in contravention of and derogative to the constitution of this State, as to notice of legislative intent to repeal said act of 1875, p. 24, supra, art. 3, sec. 7, par. 17 [Code, § 2-1817], and, third: that these constitutional provisions and their effect have not heretofore been settled, because the long line of decisions on which the motion and dismissal is based, were obiter as to said matters, the statute of 1890-1, supra, having never been passed upon as to their said constitutionality, and, fourth: that she asks that these questions be considered and determined, and that said constitutional questions be certified to the Supreme Court of this State for its consideration and determination herein."

We will not inquire whether or not the attacks on the act are well founded, because the act was incorporated in the Codes of 1895, 1910, and 1933, each of which Codes was adopted by the General Assembly, and these defects, if they existed, would not render invalid the sections of the Code embraced in the act. *Parks* v. *State,* 110 *Ga.* 760 (36 S. E. 73); *Kennedy* v. *Meara,* 127 *Ga.* 68 (56 S. E. 243, 9 Ann. Cas. 936); *Davis* v. *Davison,* 160 *Ga.* 545 (128

S. E. 743); *Central of Georgia Railway Co.* v. *State,* 104 *Ga.* 831 (31 S. E. 531, 42 L. R. A. 518); *Daniel* v. *State,* 114 *Ga.* 533 (40 S. E. 805).

*Rehearing denied. Broyles, C. J., and Guerry, J., concur.*