## 28263.   COWART *v.* THE STATE.

Decided April 25, 1940.

*Evans & Milam, Herschell V. Shelton,* for plaintiff in error.

*Bond Almand, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

BROYLES, C. J.   The defendant was convicted in the criminal court of Fulton County on an accusation drawn under the Code, § 26-3002, which reads as follows: "Any person who shall wilfully enter, go upon, or pass over any field, orchard, garden, or other inclosed or cultivated land of another, after being personally forbidden so to do by the owner or person entitled to the possession for the time being, or authorized agent thereof, shall be guilty of a misdemeanor." In the petition for certiorari it is alleged that the State failed to prove that the act of the accused in going upon the land of the prosecutor was wilful. In *Murphey* v. *State,* 115 *Ga.* 201, 202 (41 S. E. 685), the court held: "The essential element of the offense  .  .  is: that the act of entering upon  .  . the land of another after being forbidden so to do shall be 'wilfully' committed. Of course, if, after explicit directions by the owner not to go upon his inclosed [or cultivated] land, the person receiving the notice should do so without some legally sufficient excuse, his conduct would amount to a wilful disregard of such notice; but

it ought in every case of this kind to be made to clearly appear, not only that the notice given to the accused was intended to apply to the particular lands alleged to have been unlawfully entered upon, but also that such notice was conveyed to him by language sufficiently explicit to enable him to so understand." Under this ruling, the evidence for the State in the instant case was sufficient to show that the act of the accused in going upon the lands of the prosecutor was wilful. The evidence further authorized the jury to find that the land in question was cultivated land, and that the defendant entered upon it after the prosecutor had explicitly forbidden him so to do. "The words 'cultivated land' . . are not intended to apply exclusively to land with growing crops upon it. If the land is actually prepared for a crop, or if it has been used for growing crops and the owner intends to devote it again, in due season, to such use, a trespass upon it may be punished under this section." *Horsely* v. *State,* 16 *Ga. App.* 136 (84 S. E. 600). The assignment of error in the petition for certiorari, that "the court erred in restricting the statement of the defendant, and refused to allow the defendant the latitude which he deemed proper in his own defense in making his statement," standing alone, as it does, is too vague and insufficient to present any specific question for our determination. "Assignments of error in a petition for certiorari must be specific, and when based on rulings of the trial court must specifically point out the reasons why the rulings are error." *Grant* v. *State,* 48 *Ga. App.* 162 (172 S. E. 89) ; *Stoufer* v. *Missenheimer,* 26 *Ga. App.* 554 (2) (106 S. E. 560) ; Code, § 19-203.

The remaining assignments of error are based upon the failure of the trial judge to charge certain principles of law, and upon his failure to define the legal meaning of the words "inclosed lands," as employed in the accusation. None of these assignments, when considered in the light of the charge as given and the facts of the case, shows cause for a reversal of the judgment. The charge given sufficiently covered the principles of law applicable to the case. If the accused desired additional or more specific instructions, they should have been asked for by timely written and appropriate requests. The overruling of the certiorari was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*