28475.   THORNTON *v.* THE STATE.

DECIDED SEPTEMBER 18, 1940.

*R. E. Wheeler, J. Bush Mims,* for plaintiff in error.

*B. C. Hays, solicitor,* contra.

MACINTYRE, J. ▮ The bill of exceptions recites, among other things, that "within the time prescribed by law the plaintiff in error presents this bill of exceptions," and there is nothing in the record to contradict this recital, as appeared in the records in *Shuman* v. *State,* 50 *Ga. App.* 213 (177 S. E. 355), *Hodnett* v. *State,* 59 *Ga. App.* 908 (2 S. E. 2d, 749), *Howard* v. *State,* 60 *Ga. App.* 229 (4 S. E. 2d, 418), and *Heaton* v. *State,* 60 *Ga. App.* 428 (4 S. E. 2d, 98). The motion to dismiss the writ of error on the ground that the bill of exceptions was not tendered within twenty days, the time prescribed by law, is overruled; for the instant case comes within the rule laid down in *Whitten* v. *Savannah,* 26 *Ga. App.* 377 (106 S. E. 302), that, "Where it is recited in a bill of exceptions in a criminal case that it is tendered 'within the time allowed by law,' and there is nothing in the bill of exceptions or the entries thereon, or in the record, tending to show that perhaps, as a matter of fact, the bill of exceptions was not so tendered, ex-

258

cept that it was signed by the judge more than twenty days after the date of the judgment excepted to, the writ of error will not be dismissed on the ground that the bill of exceptions was not tendered and signed within twenty days from the date of the judgment excepted to. Under such circumstances it will be presumed that the bill of exceptions was tendered within twenty days from the date of the judgment, and that the judge held the papers, through no fault of the plaintiff in error or his counsel, until the date of the certificate." See *Jones* v. *State,* 146 *Ga.* 8 (90 S. E. 280) ; *Sweat* v. *Barnhill,* 171 *Ga.* 294 (2) (155 S. E. 18) ; *McCard* v. *State,* 54 *Ga. App.* 339, 340 (187 S. E. 850) ; Code, § 6-1312.

■ The defendant was charged with a violation of the Code, § 26-3001, which declares, in part, that "wilful cutting or felling of any . . timber . . upon the land, inclosed or uninclosed, of another without the consent of the owner" is a misdemeanor. Wilfulness, as used in the Code section, is an essential ingredient of the crime. The word wilful, as used therein, means "intentionally, malevolently, with a bad purpose, an evil purpose, without ground for believing the act to be lawful." *Black* v. *State,* 3 *Ga. App.* 297 (59 S. E. 823) ; *Hateley* v. *State,* 118 *Ga.* 81 (44 S. E. 852). The evidence as it related to the defendant did not establish the fact that the cutting of the timber was wilful as thus defined. The verdict was not authorized by the evidence, and the court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*