## 33429.   LANCASTER *v*. THE STATE.

DECIDED APRIL 19, 1951.

756

*E. L. Stephens,* for plaintiff in error.
*Lester F. Watson, Solicitor,* contra.

GARDNER, J. ■ The court did not err in overruling the demurrer to the indictment for the reasons, as the defendant contends, that the words, "wilful or wanton" disregard of the safety of persons or property as contained in the statute, and the accusation based on the provisions of the statute are not so vague, indefinite, and uncertain in terms as to be incapable of enforcement. The words "wilful or wanton" in both our civil and criminal statutes and decisions, have a well established, clear and definite meaning under our legal jurisprudence. We might pause here to mention some of them. We will cite a number of cases regarding the use of the words in civil procedure and quote from several: This court, in *Riggs* v. *Watson,* 77 *Ga. App.* 62 (47 S. E. 2d, 900), said: "The definition of reckless` driving is based on wilful and wanton disregard of the safety of other persons. While the evidence was sufficient to show negligence on the part of the driver of the truck, we do not think it showed wilfulness or wantonness within the meaning of the law. 'The conduct of the defendant must be such as to evidence a wilful intention to inflict the injury, or else so reckless or so charged with indifference to the consequences . . as to justify the jury in finding a wantonness equivalent in spirit to actual intent.' *King* v. *Smith,* 47 *Ga. App.* 360, 366 (170 S. E.

546); *Reid* v. *Sinclair Refining Company*, 62 *Ga. App.* 198, 201 (8 S. E. 2d, 527)." Judge Parker, speaking for the court, thus stated that wilfulness and wantonness was more than mere negligence.

In *Southern Railway Company* v. *Davis*, 132 *Ga.* 812, 818 (65 S. E. 131), Judge Lumpkin, speaking for the court, among other things stated: "Whether the terms 'wilful or wanton negligence' which are sometimes employed, be accurately used or not, they do not mean that mere negligence alone, as a rule, authorizes charges on the subject of exemplary and punitive damages." That case also makes it very plain that wilfulness and wantonness is more than simple negligence.

In *Callaway* v. *Zittrouer*, 69 *Ga. App.* 338 (25 S. E. 2d, 311), this court went into the question of wilful and wanton negligence thoroughly, cited many authorities on the subject, and during the discourse said: "lack of ordinary care on the part of the railway company would not, in and of itself amount to wilful and wanton misconduct [citation]." See also *Central of Ga. Ry. Co.* v. *Moore*, 5 *Ga. App.* 562 (63 S. E. 642); *Blanchard* v. *Ogletree*, 41 *Ga. App.* 4 (152 S. E. 116); *Buffington* v. *Atlanta, Birmingham & Coast R. Co.*, 47 *Ga. App.* 85 (169 S. E. 756); *Lee* v. *Lott*, 50 *Ga. App.* 39 (177 S. E. 92); *Frye* v. *Pyron*, 51 *Ga. App.* 613 (181 S. E. 142); *Southern Ry. Co.* v. *Kelley*, 52 *Ga. App.* 137 (182 S. E. 631); *Pollard* v. *Phelps*, 56 *Ga. App.* 408 (193 S. E. 102); *Atlantic Coast Line R. Co.* v. *Heath*, 57 *Ga. App.* 763 (196 S. E. 125); *Roberts* v. *Baker*, 57 *Ga. App.* 733 (196 S. E. 104); *Richardson* v. *Pollard*, 57 *Ga. App.* 777 (196 S. E. 199); *Pollard* v. *Todd*, 62 *Ga. App.* 251 (8 S. E. 2d, 566); *Edwards* v. *Atlanta, Birmingham & Coast R. Co.*, 63 *Ga. App.* 212 (10 S. E. 2d, 449); *Gooseby* v. *Pinson Tire Co.*, 65 *Ga. App.* 837 (16 S. E. 2d, 767); *Southern Railway Co.* v. *Lomax*, 67 *Ga. App.* 406 (20 S. E. 2d, 437); *Smith* v. *Atlantic Coast Line R. Co.*, 75 *Ga. App.* 346 (43 S. E. 2d, 420); *Shehany* v. *Lowry*, 170 *Ga.* 70 (152 S. E. 114). See 44 Words and Phrases, p. 589 et. seq.; 45 Words and Phrases, p. 187 et. seq. Black defines the word "wilful" as follows: "Proceedings from a conscious motion of the will; intending the result which actually comes to pass; defines; intentional; malicious." Black treating the words "wanton" refers to "wantonness": "A. reckless

or malicious and intentional disregard of the property right or safety of others, implying actively a licentious or contemptuous willingness to injure and disregard of the consequences to others, and passively intentional disregard of duty. . . wilfully unrestricted action, running immoderately into excess . . ."

Let us turn presently to some of our decisions dealing with the use of the words "wilful" and "wanton" in our criminal statutes. In the early decisions of this court, we find these words clearly defined in criminal cases. In *Black* v. *State*, 3 *Ga. App.* 297 (59 S. E. 823), Judge Powell, speaking for the court, held: "In a prosecution for trespass by cutting wood or timber under the Penal Code § 219, paragraph 1, wilfulness is an ingredient of the crime. The word 'wilful' as used in this section, means 'intentionally, malevolently, with a bad purpose, an evil purpose, without ground for believing the act to be lawful." Code § 26-6907, codified from an act passed in 1898 regarding discharging a pistol on Sunday, was dealt with in *Manning* v. *State*, 6 *Ga. App.* 240 (64 S. E. 710), in which Judge Russell, speaking for the court stated: "It is the duty of the court upon the trial of one charged with a violation of this statute, to instruct the jury as to the meaning of the words 'wilful and wanton', as used in the statute, . . ." this clearly shows that the Court of Appeals recognizes that "wilful" and "wanton" had definite statutory meaning as early as May 18, 1909, when this case was decided. We will not discuss the *Manning* case further in this connection, since we will deal with it in another division of this opinion.

Numerous other cases involving criminal law from our appellate courts deal with these words, "wilful" and "wanton." In *Kendall* v. *State*, 9 *Ga. App.* 794 (72 S. E. 164), this court again went into the meaning of the word "wilful" and stated in headnote 2 the following: "The word 'wilfully' as used with relation to penal offenses ordinarily means more than 'intentionally:' It refers to an act done purposely to commit the particular wrong forbidden by the law. This is the sense in which it is used in the statute providing for the punishment of any person who shall 'wilfully interrupt or disturb any public school,' etc." In that opinion, on page 795, it was further stated: "The gravamen of the complaint against this charge is that the court

defined the word 'wilfully', in the statute as entirely synonymous, with the word 'intentionally', and that this interpretation of the word was too narrow, and was incorrect because the word 'wilfully' in the statute implies something more than intentionally. We think that the word 'wilfully' in this criminal statute, and in most criminal statutes, is a stronger word than the word 'intentionally' and is broader and more comprehensive in its meaning; it embraces 'intentionally' in its meaning, but it means an intentional act committed with an evil design or purpose and without legal justification. In other words, it means the intentional and deliberate doing of the wrongful act prohibited by the statute." See also *Cowart* v. *State*, 62 *Ga. App.* 559 (8 S. E. 2d, 729); *Thornton* v. *State*, 63 *Ga. App.* 255 (10 S. E. 2d, 714); *Jackson* v. *State*, 82 *Ga.* 449, 450, 451 (9 S. E. 126); *Jenkins* v. *State*, 123 *Ga.* 523 (51 S. E. 598); *Smith* v. *State*, 126 *Ga.* 544 (55 S. E. 475). In *Hateley* v. *State*, 118 *Ga.* 79, 81 (44 S. E. 852), the Supreme Court said: "The accused was charged with wilfully cutting and felling certain trees and timber upon land the title to which was alleged to be in other parties named in the bill of indictment. He did not deny cutting the timber, but claimed to have been in possession of the land for 40 years. If he had been in the open, notorious, peaceable, uninterrupted, and adverse possession of the land for that length of time, he had title to it without reference to whether he had a deed to it from anybody. The statute upon which this indictment was founded was never intended to be used as a mode of settling disputed claims of title. It provides that the act of cutting must be *wilful* and the sense of the word 'wilful' as used in this connection, is, intentionally, malevolently, 'with a bad purpose', 'an evil purpose', 'without ground for believing the act to be lawful.' *King* v. *State*, 103 *Ga.* 265."

It will thus be seen that even in our civil law the words "wilful and wanton" mean more than ordinary negligence. In criminal law it is plain that they mean *"intentionally, malevolently, and with an evil intent."* The use of the words "wilful or wanton" or "wilful and wanton" as alleged in the indictment, distinguishes the instant case from the case of *Hayes* v. *State*, 11 *Ga. App.* 371 (75 S. E. 523). In this connection see a more recent case of this court, *Gaines* v. *State*, 80 *Ga. App.* 512 (56

S. E. 2d, 772). The court did not err in overruling the demurrer to the indictment.

■ Under the facts of the instant case, and the law applicable thereto, the court did not err in overruling the motion in arrest of judgment. *McDonald* v. *State,* 126 *Ga.* 536 (55 S. E. 235). See also *Waits* v. *State,* 204 *Ga.* 295 (49 S. E. 2d, 492), and cases cited therein.

■ We come next to the general grounds of the motion for a new trial:

■ Did the court err in the sentence imposed under the facts of this case? He imposed a fine of $100 and sixty days in jail and further provided that the officers should collect the $100, retain $25 to pay the costs, and pay to the prosecutor $75 as restitution for damage to the prosecutor's car. The act now under consideration is that every person convicted for reckless driving be punished: "Upon first conviction, by imprisonment for not less than five (5) days nor more than sixty days, or by a fine of not less than twenty-five dollars ($25.00) nor more than one hundred dollars ($100.00), or by both such imprisonment and fine." Then follows the punishment for the second offense. The succeeding section of the act provides that anyone convicted under the provisions of the act of 1939 (Ga. L. 1939, p. 295) "shall be guilty of a misdemeanor, and upon conviction thereof shall be punished as for a misdemeanor or as otherwise provided in this act." Our penal statute generally for a misdemeanor will be found in Code § 27-2506. This court held in *Ray* v. *State,* 40 *Ga. App.* 145 (149 S. E. 64), in a cheating and swindling case, that a sentence imposing a fine of $50 and restitution to the prosecutor was not valid unless the restitution provision was stricken. There is nothing in the provision of the act now under consideration in a criminal prosecution to compel the defendant, upon conviction, to pay to the prosecutor damages in a negligence case. Such a practice would lead to grave evils and would be using the criminal court for the collection of unliquidated damages. We are not unmindful of the decision of this court in *Davis* v. *State,* 53 *Ga. App.* 325 (185 S. E. 400), but the decision in that case will not be extended beyond its particular facts. Since the case is to be reversed on other grounds in the amended motion for a new trial, we will not discuss this principle further.

■ Headnote (3-b) of this opinion needs no elaboration.

■ ■ Special ground 1 assigns error for the reason that the trial court did not define the words "wilful and wanton." This point is well taken. The wilful and wanton conduct in violation of the statute in regard to reckless driving is the gist of the offense and the proof that the conduct was intentional, malevolent, with a bad purpose and evil purpose should be proved by the evidence and the jury should be instructed in the charge of the court that such is the meaning of the words, "wilful and wanton." It is reversible error not to do so even without a request to charge. In *Manning v. State*, 6 *Ga. App.* 240 (64 S. E. 710), involving "wilful and wanton firing of a weapon" within the terms of the statute forbidding the shooting of firearms on Sunday, this court said: "It is the duty of the court, upon the trial of one charged with the violation of this statute to instruct as to the meaning of the words 'wilful and wanton' as used in the statute." To the same effect see *Kendall v. State*, 9 *Ga. App.* 794 (supra). See also *Black v. State*, 3 *Ga. App.* 297 (59 S. E. 823), and cases therein cited.

■ Special ground 2 is not argued.

■ Special ground 3 assigns error on the following charge of the court: "I charge you further that to absolve one from the guilt of crime, it must not only appear that there was no evil design, but there was no culpable neglect on the part of the defendant." This seems to be an attempt to charge the provisions of Code § 26-404 and was an inapt and prejudicial statement, under the facts of this case, which require a reversal. The Code section reads: "A person shall not be found guilty of any crime or misdemeanor committed by misfortune or accident and where it satisfactorily appears there was 'no evil design, or intention, or culpable neglect." As analogous, see *Dunahoo v. State*, 46 *Ga. App.* 310 (167 S. E. 614). The court, having charged a portion of said section, should have charged all of it under the evidence in this case.

■ Special ground 4 is not argued.

■ Finally, we might with propriety distinguish the case of *Phillips v. State*, 60 *Ga. App.* 622 (4 S. E. 2d, 698), which has been called to our attention. It needs but a casual reading of the indictment in that case to distinguish it from the one in the

instant case. The indictment in that case reads: ". . . Phillips was charged with a misdemeanor for that he did 'drive and operate one certain International truck motor vehicle, on a public highway . . in such a manner as to endanger the lives and property of other persons due to the circumstances and conditions, by driving said truck at excessive speed back and forth across said road, and endangering the automobile . . and lives and limbs. . .'" It will be readily discerned from this case, written by Presiding Judge MacIntyre, that the allegation does not attempt to state what the "excessive speed" was, nor what the circumstances and conditions were, nor that it was wilful and wanton.

We feel that the statute now under consideration is a needful one to protect the public against reckless driving, and fills a gap not otherwise supplied by our motor-vehicle traffic statute.

The court erred in overruling the motion for a new trial for the reasons above stated.

*Judgment reversed. MacIntyre, P.J., and Townsend, J., concur.*