### 3443. COLLINS *v.* THE STATE.

RUSSELL, J. 1. At the beginning of the trial the defendant, through his attorney, invoked the rule as to the sequestration of the witnesses. The prosecutor remained in the court-room while another witness for the State was being examined. The defendant complains that this was error requiring a new trial; that the prosecutor should have been examined first, or should have been required to leave the room during the examination of the other witness. The trial judge certifies that he did not know the prosecutor was in the room during the examination of the witness; that neither the defendant nor his attorney made any objection thereto at the time. *Held,* a new trial will not be granted. The failure of the defendant and his attorney to call the attention of the court to the presence of the prosecutor, or to request that he be examined first, constitutes a waiver of his right to a strict sequestration.

2. The defendant claimed he acted in self-defense. The law relating thereto was properly given in charge to the jury. If the defendant desired more detailed instructions as to his contentions, he should have made written requests therefor.           *Judgment affirmed.*

DECIDED NOVEMBER 7, 1911.

Accusation of assault and battery; from city court of Sandersville—Judge Jordan. April 27, 1911.

*Evans & Evans,* for plaintiff in error.

*J. E. Hyman, solicitor,* contra.