## 4918.   HUDGINS v. THE STATE.

1. The enforcement of the rule requiring the sequestration of witnesses is an administrative function of the trial court, and the manner of its exercise rests largely in the discretion of the court.   Failure to require strict sequestration of witnesses is not ground for a new trial, unless it is manifest that there was an abuse of the discretion of the trial judge, due to the manner of its exercise.
2. In exercising his discretion, in administering the rule which requires a trial judge to accord to either party the right of having the witnesses of the opposite party examined out of the hearing of each other, it is not error for the judge in a criminal case to permit the prosecutor to remain in the court-room throughout the trial.   If the prosecutor is called as a witness, the fact that he has heard the testimony, as well as his relation to the case and his interest therein, may be considered by the jury in passing upon the credibility of his testimony.
3. Assignments of error not referred to in the brief and argument of counsel for the plaintiff in error must be treated as having been abandoned.
4. The evidence, though conflicting, authorized the verdict of guilty.
                    DECIDED SEPTEMBER 23, 1913.

Indictment for carrying concealed weapon; from city court of Dublin—Judge Hicks.   November 25, 1912.

*H. P. Howard, T. E. Hightower*, for plaintiff in error.

*George B. Davis, solicitor*, contra.

RUSSELL, J.   The defendant was convicted of carrying a pistol concealed.   The complexion of the case is such that the jury would have been authorized to acquit the accused.   However, as there is evidence which authorized the conviction of the defendant, it can not be held that the trial judge erred in overruling the motion for a new trial, so far as the motion is based on the ground that the verdict is contrary to the evidence and without evidence to support it.

1, 2.   In reference to the special grounds:   The court did not err in permitting the recall of the witness Joe Beard, to testify for the State, over the objection of the defendant's counsel, although at the beginning of the trial the defendant had asked for a strict sequestration of the witnesses, and later, after this witness had testified in chief, again requested the court to send the witness from the room during the examination of the other witnesses, if the State intended to use him again.   It appears from the indictment that Joe Beard was the prosecutor.   In· enforcing the right, accorded by section 1043 of the Penal Code to either party in a case,

to have the witnesses of the opposite party examined out of the hearing of each other, the judge discharges an administrative function of the court, but the manner of its exercise is necessarily addressed largely to his sound discretion. *Shaw* v. *State,* 102 *Ga.* 666, 667 (29 S. E. 477); *Keller* v. *State,* 102 *Ga.* 506 (31 S. E. 92).

So far as we know, the practice is almost universal for the court to permit the prosecutor, whose name appears upon the indictment, to remain in the court-room throughout the trial, to aid the solicitor-general in the conduct of the case. Of course, .in passing upon the credibility of a prosecutor's testimony, if he should be a witness, the jury would take into consideration the fact that he had heard the testimony, just as they would view his testimony in the light of his interest as a prosecutor. While, as suggested by counsel for the plaintiff in error, it appears from the record that the testimony of the prosecutor, upon his second examination, referred to the testimony of the witnesses for the defendant who had testified in the interval between his first and second examinations, and sought to specifically deny what they had sworn, still this does not demonstrate that the judge had abused his discretion in permitting the prosecutor to remain in the court-room. The jury heard his reference to the testimony of the witnesses, they knew he had heard them testify, and it was for them to say whether or not his statement to the contrary of what they had sworn, in specific denial of the previous testimony, was true or false. It is true that even under strict enforcement of the provision of the code as to sequestration, it is not feasible to exclude the parties to a cause in a civil case, or, generally, the officers of the court, if they should be witnesses.

The ruling of this court in *Collins* v. *State,* 10 *Ga.* *App.* 34 (72 S. E. 526), cited by counsel for plaintiff in error, is in accord with what is now held. The only difference in the two cases is that in that case the facts implied a waiver of the right to a strict sequestration, and in the present case the defendant did not waive any right and insisted upon a strict sequestration. The degree of strictness with which the rule requiring the sequestration of the witnesses should be enforced must necessarily depend largely upon the facts in each case, and it can not be said that a judge abused his discretion in administering the rule in reference to the seques-

tration of witnesses, unless it is manifest that the right given by the code was arbitrarily denied. Without regard to this, the precise matter urged by the plaintiff in error is not a proper matter for an assignment of error, for it is well settled that a violation of the orders of a trial judge to sequester the witnesses affords no reason for excluding the testimony of a witness who remained in the court-room, although the jury may consider his presence and his hearing the testimony of the other witnesses, in passing upon the credibility of his testimony.

3. The defendant objected to the introduction of the minutes of the September term, 1910, of the court, showing that he was at that term tried and convicted of the offense of pointing a pistol, upon the ground that this evidence was irrelevant; and it would seem that this testimony was clearly objectionable and probably was prejudicial, but for some reason this assignment of error was abandoned in this court. The argument in the brief is restricted to a consideration of alleged errors of the court in the matter of the sequestration of the witnesses, and there is no reference whatever to other grounds of the motion for a new trial. Consequently, under the well-settled rule, these grounds of the motion will not be considered.

4. The evidence, though conflicting, authorized the verdict finding the accused guilty, and it was not error to refuse a new trial.

*Judgment affirmed.*