SWAIN *v.* THE STATE.

ATKINSON, J. 1. On the separate trial of a defendant who is jointly indicted with another for murder, allegations in the indictment that the homicide was committed by shooting the deceased with a pistol, which at the time was "had and held" by both defendants, are, relatively to the defendant on trial, supported by evidence that such defendant killed the deceased by shooting him with a pistol.

2. Where in the trial of one indicted for murder the accused requested the sequestration of the State's witnesses, it was not an abuse of discretion in the court to allow the prosecutor, who was a brother of the person alleged to have been murdered, to remain in the court-room during the trial and to testify as a witness after other witnesses for the State had testified. *Keller* v. *State*, 102 *Ga.* 506 (31 S. E. 92); *Taylor* v. *State*, 132 *Ga.* 235 (2), 236 (63 S. E. 1116); *Hudgins* v. *State*, 13 *Ga. App.* 489 (79 S. E. 367).

3. For the purpose of considering the admissibility of certain testimony, the witness was examined with reference to the matter, before the judge and out of the presence of the jury. After submission of the evidence the judge announced that it would be excluded. The jury being called in, the judge required the reporter to read the evidence to the jury, after which he instructed the jury that all of the evidence was excluded and should not be considered by them. In approving the ground of the motion for new trial complaining of the action of the judge in allowing the testimony to be read to the jury, the judge added a note to the effect, that the witness had been asked a great many questions, a number of which had been answered, and objections had been made to a number of questions and answers; and that after hearing the witness testify in the absence of the jury and in determining that certain portions of the evidence was inadmissible, the court had the testimony which he deemed inadmissible read over in the presence of the jury, in order that they might get clearly in their minds that portion of the testimony that was ruled out. *Held,* in the light of the note, that this ground of the motion is not cause for a new trial.

4. " The best evidence which exists of the fact sought to be proved must be produced, unless its absence is satisfactorily accounted for." Civil Code, § 5748. Where it is material to prove that a witness has been convicted of an offense, the best evidence of that fact is the record of the conviction. *Johnson* v. *State,* 48 *Ga.* 116 (3) ; *Hunter* v. *State,* 133 *Ga.* 78 (8), 79 (65 S. E. 154); *Beach* v. *State,* 138 *Ga.* 265 (75 S. E. 139); *Howard* v. *State,* 144 *Ga.* 169 (2), 171 (86 S. E. 540).

(*a*) Accordingly, where a witness for the defense, on cross-examination, testified " that he had been convicted of cow-stealing at the August term," it was erroneous to admit such testimony over the objection that " there is higher and better evidence of the fact." (GEORGE, J. dissents.)

(*b*) While the same witness for the defense was under cross-examination, counsel for the State asked him " if he was not now under indictment in this court, . . for assault with intent to murder," to which question the attorney for the defense objected, upon the ground that " there was higher and better evidence of the fact sought." The court overruled the objection, and " required the witness to answer said question;" whereupon the witness testified that " he was under indictment in said court under, a prosecution . . for shooting last spring." *Held,* that it was erroneous to require the witness to answer the question, over the objection urged, and to admit the testimony. (GEORGE, J., dissents.)

5. While instructing the jury on the subject of voluntary manslaughter, it was erroneous to charge: " In other words, manslaughter is based on the idea that the killing is not wilful and malicious; it may be an unlawful killing, but there must be no malice and not wilful. If either of these circumstances are lacking, why you couldn't convict for murder; it must be both malicious and wilful." The common acceptation of the word " wilful " denotes intentional, and a jury would likely give it such meaning. A wilful or intentional killing of a human being may not be murder but voluntary manslaughter, if it be provoked by an actual assault or by an attempt to commit a serious personal injury upon the slayer, or by other equivalent cir-

cumstances calculated to excite sudden and uncontrollable passion. (GILBERT and GEORGE, JJ., dissent.)   *Jackson* v. *State,* 82 *Ga.* 449 (9 S. E. 126);   *Jenkins* v. *State,* 123 *Ga.* 523 (51 S. E. 598).

6. An instruction given by the court to the jury at the conclusion of the charge, upon which error is assigned in the motion for new trial, is as follows: "If the evidence satisfies you beyond a reasonable doubt that the accused approached the deceased with a pistol and pointed it at him, with the intention to kill him in a spirit of revenge for a past grievance, real or fancied, and thereupon the deceased attempted to draw or did draw his pistol in order to defend himself, but was shot down or mortally wounded before he could do so, then if the killing occurred under these circumstances, the fact that the deceased undertook to draw or did draw his pistol could not be pleaded by the accused as a justification for the homicide, and the killing would be murder. That is practically the same principle of law that I have given you in charge." The charge stated a correct principle of law, and there was evidence to authorize it. *Bowden* v. *State,* 126 *Ga.* 578 (3) (55 S. E. 499).

7. Other special assignments of error in the motion for new trial are controlled by the rulings made by this court when the case was here on a former occasion. *Swain* v. *State,* 149 *Ga.* 629 (101 S. E. 539).

8. The court erred in overruling the motion for new trial.

*Judgment reversed. All the Justices concur, except George, J., dissenting. Gilbert, J., dissents from the ruling in the fifth headnote.*

NO. 2182.   APRIL 13, 1921.

Indictment for murder. Before Judge Sheppard. Tattnall superior court. July 3, 1920.

*A. S. Way* and *Elders & DeLoach,* for plaintiff in error.

*R. A. Denny,* attorney-general, *J. Saxton Daniel,* solicitor-general, and *Graham Wright,* contra.

GEORGE, J., dissenting. I can not agree to the ruling of the majority as contained in headnotes 4-(*a*)-(*b*), and to the judgment of reversal in this case. A witness for the defendant was permitted to answer that he "had been convicted of cow-stealing." The same witness was asked by counsel for the State whether he was not then under "indictment in this court . . for assault with intent to murder." To this question the witness answered that "he was under indictment in said court under a prosecution by one Mr. Johnson for shooting last spring." The objection urged to these questions and answers was simply that there was higher and better evidence of the facts sought to be proved. In view of the answers made and the objection urged, I do not think the verdict in this case should be set aside.

I dissent from the ruling of the majority contained in the fifth headnote, because, as I construe the charge, the court was merely emphasizing the elements necessary to constitute the offense of

murder. The language used by the court may not be entirely accurate, but it was certainly not harmful to the defendant for the court to instruct the jury that before they could convict the defendant of the crime of murder it must appear that the killing was "both malicious and wilful." If this charge is erroneous for any of the reasons assigned, the error is not of such character as to require another trial of the case.