### SWAIN *v.* THE STATE.

FISH, C. J. George Swain was convicted of murder, with a recommendation to life imprisonment. Error is assigned upon the overruling of his motion for a new trial.

1. The evidence required a charge as to the law of voluntary manslaughter. After reading to the jury Penal Code sections 64 and 65, defining voluntary manslaughter, the court instructed the jury as follows: " If the person killed was making an assault which would amount to a serious personal injury on the person killing, or if there were other equivalent circumstances; if it was done without malice, or if the deceased was making an assault which would have amounted to a serious personal injury, or if it was done under circumstances as would excite the passions, supposed to be irresistible, why, circumstances of that kind would be sufficient, if you find those facts to exist beyond a reasonable doubt, why then, . . that would make out a case of manslaughter, if you find that he is not justified under the principles of law that I will hereafter give you in charge." This instruction was not error for the reason alleged, that it " was equivalent to instruction to the jury that, in order to reduce a homicide from murder to manslaughter, the jury must find that the killing was done, beyond a reasonable doubt, without malice and under a sudden heat of passion supposed to be irresistible, or other equivalent circumstances such as would be sufficient to excite the passion supposed to be irresistible, whereas the rule of law is that if the jury has a reasonable doubt as to whether the homicide is murder or manslaughter they should give the benefit of the doubt to the defendant and reduce the homicide from murder to manslaughter." In this instruction the court was stating to the jury the elements of the offense of voluntary manslaughter which must be shown to exist beyond a reasonable doubt before a verdict could be rendered for that offense, and the instruction could not be properly construed as charging the jury that they should be convinced beyond a reasonable

doubt that the accused was guilty of voluntary manslaughter before they could reduce the homicide from murder to voluntary manslaughter.

2. The instruction complained of in the fifth ground of the motion was exactly the same as that held not to be error in *Swain* v. *State,* 151 *Ga.* 375 (6), 377 (107 S. E. 40).

3. The charge as to the law of reasonable doubt, set out and complained of in the sixth ground of the motion, was in substance the same as that given in the case of *Collins* v. *State,* 153 *Ga.* 100 (111 S. E. 733), and held there, in the twelfth division of the opinion, not to be error.

4. An assignment of error upon a correct instruction as to the law of uncommunicated threats made by the deceased against the accused was not good, where the alleged error was that the court failed, in the same connection or elsewhere in the charge, to instruct the jury as to the law of communicated threats made by the deceased against the accused. As to the failure to instruct the jury on the subject of threats, in the absence of a proper and timely written request, see *Tillman* v. *State,* 136 *Ga.* 59 (3), 63 (70 S. E. 876).

5. The last ground of the motion for new trial was, that the court erred, after charging the law on justifiable homicide in the language of the Penal Code on that subject, in charging the jury as follows: "Now the particular portion of that law of self-defense, or justifiable homicide rather, with which you are dealing, is the law of self-defense, that is, defense of person, habitation, or property against one who manifestly intends or endeavors, by violence or surprise, to commit a felony on either." There was no error in this charge requiring a reversal.

6. The plaintiff in error has been convicted of murder, with recommendation to mercy, three times under the same indictment, and practically upon the same evidence. The evidence was sufficient to authorize the verdict, and the refusal of a new trial was not error.

*Judgment affirmed. All the Justices concur.*

No. 2832. APRIL 20, 1922.

Indictment for murder. Before Judge Sheppard. Tattnall superior court. September 3, 1921.

*Kirkland & Kirkland, H. H. Elders,* and *A. S. Way,* for plaintiff in error.

*George M. Napier, attorney-general, J. Saxton Daniel, solicitor-general,* and *Seward M. Smith, asst. atty.-gen.,* contra.