22904.  MASSEY v. THE STATE.

ARGUED APRIL 12, 1965—DECIDED MAY 6, 1965.

*Floyd H. Wardlow, Jr., John R. Rogers*, for plaintiff in error.

*W. J. Forehand, Solicitor General, Hugh Wilson, Eugene Cook, Attorney General, Rubye G. Jackson, Assistant Attorney General*, contra.

QUILLIAN, Justice. █ The first assignment of error contained in the bill of exceptions is to the refusal of the trial judge to accept the defendant's plea of guilty and sentence him to life imprisonment, under the provisions of Ga. L. 1956, p. 737 (*Code Ann.* § 27-2528), on the grounds that: "under a proper construction of said statute, it was mandatory upon the court to accept said plea of guilty and to sentence the defendant accordingly, the discretion vested in the court by said Act relating not as to whether said plea of guilty shall be accepted and sentence imposed, but rather as to whether sentence shall be imposed in term time or vacation; as to whether the sentence shall be for life imprisonment, or to any lesser punishment authorized by law for the offense named in the indictment."

The statute could not be couched in plainer or more explicit terms. It can not be, as insisted in the splendid brief of counsel for the plaintiff in error, construed to mean that, upon the de-

fendant in a capital felony case entering a plea of guilty, the trial judge must sentence him to life imprisonment or a lesser punishment. He is merely authorized, in the exercise of his discretion, but is not required by the provision of the Act of 1956, supra, to impose such sentence.

The insistence that "may" in the connotation in which the word is employed in the above mentioned Code section should be construed to mean "must" is contrary to the interpretation this court has given the same word as used in a similar statute permitting the trial judge to impose a life sentence in the event a defendant is convicted of a capital offense solely on circumstantial evidence. *Code* § 26-1005, as amended (Ga. L. 1963, p. 122), originally section 783 of Cobb's Digest, contains the provision: "if the jury trying the case shall so recommend, or if the conviction is founded solely on circumstantial testimony, the presiding judge may sentence to confinement in the penitentiary for life." This court as early as 1873 in *Kelly v. State*, 49 Ga. 12, 18, held this clause authorized, but did not require, the trial judge to sentence the defendant to life imprisonment.

The exception does not show error.

■ The second assignment of error is to the judgment of the trial court imposing the death sentence upon the defendant on the ground that it was contrary to law because the "order and judgment, together with the statute upon which it was based, which statute, Georgia Code § 26-1302, makes the death sentence mandatory upon rendition of a guilty verdict without a recommendation of mercy, violates Article 1, section 1, paragraph 9, of the Constitution of this State, and of the Eighth Amendment to the Constitution of the United States, which declare that 'Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted,' particularly, where as here, the victim survives the attack, thereby making the punishment cruel, unusual and excessive, and all out of proportion to the offense committed."

This court, after careful consideration, ruled in the full bench case of *Sims v. Balkcom*, 220 Ga. 7 (136 SE2d 766), that the statute did not prescribe cruel and unusual punishment for the heinous crime of rape. In cogent argument, counsel urge that the *Sims* case be overruled. However, we are firm in our opinion

that the pronouncement of that case is a sound statement of law. Hence, we deny the motion and hold the ground is without merit.

■ The general grounds of the motion for new trial are not insisted upon and are clearly without merit.

■ Special ground 1 of the amended motion for new trial complains that, over the timely objection of counsel, the court admitted the testimony of the county sheriff that the defendant, in an apparent effort to escape, had dug around the commode in his cell. The admission of the evidence is assigned as error because the defendant had "tacitly" admitted his guilt of the crime charged in the indictment; hence, since evidence of an attempt to escape is only evidence tending to show guilt, it was irrelevant to an issue then in the case and was prejudicial.

Evidence that a defendant, after incarceration, attempts to escape is ordinarily admissible. *Whaley v. State,* 11 Ga. 123, 126 (3); *Kettles v. State,* 145 Ga. 6 (3) (88 SE 197). We can not agree the evidence was inadmissible in the present case because the defendant by orally admitting his guilt eliminated the issue of his guilt from the case. The issue as to the defendant's guilt was made by the indictment charging him with rape and his plea of not guilty. So long as the plea remained, the State had the right to submit all available and competent proof of his guilt.

It must also be observed that evidence of the defendant's admission to the sheriff that he was attempting to escape was admitted without objection. Whether or not certain testimony was admissible, its admission was not error where substantially the same evidence was introduced without objection. *Butts County v. Hixon,* 135 Ga. 26, 27 (2) (68 SE 786); *Whippler v. State,* 218 Ga. 198, 204 (126 SE2d 744); *Cooley v. Bergstrom,* 3 Ga. App. 496 (2) (60 SE 220).

The ground shows no error.

■ The second special ground of the motion for new trial complains that the trial judge erred in permitting the victim of the rape to testify as a witness in the case over the timely objection of the defendant's counsel. The objection interposed when the victim was offered as a witness was that she was incompetent to testify because at the beginning of the trial the

defendant had invoked the rule of sequestration of witnesses provided by *Code* § 38-1703, and the proposed witness had remained in the courtroom. The judge in overruling the objection stated: "It is always the policy of the court, where the witness is the alleged victim of any crime, in the exercise of the court's discretion, to allow such witness to remain in the courtroom. I think it is a matter entirely within the discretion of the court. . . . [T]he general rule is that all witnesses leave the courtroom, unless they are such witnesses as, in most instances, are either the prosecutor or the alleged victim of the crime. I think, due to the crime involved and in the exercise of that discretion, I have allowed the witness to remain in the courtroom."

The error complained of is not that the witness, having violated the judge's order of sequestration granted in conformity with the statute by remaining in the courtroom, was permitted to testify, but the assignment of error is that the trial judge denied the defendant the absolute right as provided by *Code* § 38-1703 to have the witnesses for the State examined out of the hearing of each other, in that the victim despite the defendant's invocation of the rule at the beginning of the trial, although not the prosecutrix in the case, was permitted by the trial judge to remain in the courtroom throughout the trial and, after hearing the testimony of other witnesses, to give her testimony.

The ground alleges the victim, Mrs. Alberson, was not the prosecutrix and that the State's counsel did not state, nor did the record show, that it was necessary that the witness remain in the courtroom to assist counsel or that she was, for any other reason, exempt from the operation of the sequestration statute. The record is silent as to whether she assisted counsel in the presentation of the case. In prosecutions for rape it may appear from statements of the State's counsel that the victim is needed to give aid in the prosecution or for some other legitimate reason her presence in the courtroom is necessary in the efficient prosecution of the case. However, in the absence of any such showing or statement of the solicitor general and where the record is silent as to any reason she should be excepted from the rule and allowed to remain in the courtroom, none will be assumed to exist.

The ground stated there was no reason given by the solicitor and none appears from the record as to why the witness could

not have been called to testify before hearing the testimony of other witnesses.

The right under our sequestration statute to have the witnesses of the opposite party examined out of the hearing of each other has always been an absolute right granted by *Code* § 38-1703. However, for years many of the trial courts administered the sequestration statute without uniformity and in a somewhat lax fashion. Frequently when the rule was invoked the trial judge allowed a witness or witnesses to remain in the court for any reason that appeared sufficient to him, without regard to the reasons he had a right to exercise a discretion to permit an exception to the rule that the witnesses of each party be sequestered and examined out of the hearing of each other. The consequence was that in many instances the litigant who invoked the rule had the absolute right granted him by the sequestration statute curtailed, diminished or denied him altogether.

This was, to a large extent, the fault of the appellate courts which laid down no definite guide lines to be followed in the application of the sequestration rule. However, this court through the splendid opinion of Chief Justice Duckworth in the full bench case of *Poultryland Inc. v. Anderson,* 200 Ga. 549, 562 (37 SE2d 785), did clearly and specifically delineate the precise instances in which the trial judge has discretion to allow a witness or witnesses to remain in the courtroom, despite the invocation of the sequestration rule. We quote from the opinion: "the rule as fixed by the Code of 1863 (§ 3787) and continued in all subsequent Codes, as to the sequestration of witnesses, conferred upon the party making such request an absolute right, subject only to the sound discretion of the trial judge in permitting one or more witnesses to remain in the courtroom to advise the opposite party in the presentation of his case, and where it appears that in making the exception to the rule the fair rights of the opposite party are secured or the impairment of the efficiency of the court avoided by allowing a deputy or other officials, who are witnesses, to remain in the courtroom."

*Montos v. State,* 212 Ga. 764 (95 SE2d 792), and *McGruder v. State,* 213 Ga. 259 (98 SE2d 564), both full bench cases, followed the *Poultryland* case, supra, and held that in order

for any witness to be excepted from the rule of sequestration the State must show he comes within one of the three categories defined in the *Poultryland* case.

*Montos v. State,* 212 Ga. 764, 765, supra, makes clear the rule that in criminal cases the burden of making such a showing is upon the State. In that case, two officers, agents of the Georgia Bureau of Investigation, were, despite the invocation of the sequestration rule, allowed to remain in the courtroom and, after hearing the testimony of other State's witnesses, testified. The case states: "He [the solicitor general] made no contention that he needed their assistance in the conduct of the case, nor was any reason given other than that they were officers. The witnesses were employees of the Georgia Bureau of Investigation. There is nothing in the record to support the contention of the solicitor general that these officers were needed in the courtroom to guard against an escape by the defendant, who he claims was an 'escape artist.'" The exception of the witnesses from the operation of the sequestration rule was, in these circumstances, held to be error. The opinion continued with the pronouncement: "The record in this case does not bring it within any of the exceptions to the rule. We can not agree with the State that the record does not show any harm to have resulted to the defendant because of this error. Whenever a party is deprived of his rights, the presumption of the law is that he has been injured unless the contrary plainly appears. . . Furthermore, the death penalty was imposed in this case, and it can not be said that the jury's verdict was demanded, and that this error might have been harmless. *Barfield v. State,* 179 Ga. 293 (1) (175 SE 582)."

In the *McGruder* case, 213 Ga. 259, 267 (9), supra, it is stated: "In ground 12 it is contended that the court erred in permitting, over timely objections, G. W. Goss, a witness for the State, to remain in the courtroom during the examination of other witnesses, after the rule had been invoked and the witnesses had been ordered sequestered by the court, and subsequently allowing him to testify as a witness for the State. It is stated that G. W. Goss was not the prosecutor in the case. . . ." This is followed by the observation: "No reason appears from the record why this witness could not have been

called first by the State, and after his testimony, be retained in the courtroom for the purpose of aiding the solicitor general, if needed."

In the present case no reason appears why the witness could not have been sworn and testified before she was permitted to hear the other testimony of the State's witnesses. The victim of the rape is not the prosecutrix of the case, but if she could be considered as occupying that status, she would not have been entitled to remain in the courtroom and hear all the testimony of the other State's witnesses before she testified. In *Tift v. Jones*, 52 Ga. 538 (4), this court held: "When a party to an action intends to be a witness for himself, and the court directs that his witnesses be separately examined, it is the proper rule, unless there be special reasons to the contrary, that such party should first be examined in the absence of his other witnesses, in order that he may thereby be present, as is his right, during the whole trial of his case." The motion for new trial recites there was no reason stated by the solicitor and none appears from the record as to why the witness could not have been called to testify before hearing the testimony of other witnesses. This rule is recognized and followed in the *McGruder* case, supra.

There is nothing in the present record to show any exception to the rule which gives the right to parties to have the witnesses sequestered, and this ground shows error which demands that a new trial be granted.

■ Special ground 3 of the motion for new trial excepts to the order entered by the trial judge overruling a motion for mistrial. The motion was made upon the ground that the trial court during the progress of the trial denied the defendant's absolute right to have the witnesses for the State examined out of the hearing of each other, the sequestration rule under *Code* § 38-1703 having been duly invoked. The specific complaint was that the victim of the rape, the sheriff and two of his deputies had been allowed to remain in the courtroom and, after hearing the other witnesses testify on behalf of the State, give their testimony.

The trial judge ruled: "The court has considerable discretion with reference to the rule pertaining to sequestration of the witnesses, and the person who is alleged to be the victim was

allowed to remain in the courtroom, as is customary in like cases, where a person, although not the prosecutor, in the sense that they did not swear out the warrant, but are alleged to be the victim; in cases of this nature, it is customary to allow them to remain in the courtroom and in the discretion of the court this witness, Mrs. Rhoda Alberson, was allowed to remain in the courtroom. With reference to the three officers mentioned, the court recognizes a little more than the usual security angle in the handling of this case, and it was necessary that officers be present at all times, and not only were the sheriff and the two deputy sheriffs allowed to stay in the courtroom, they were authorized to do so, and it was their duty to remain in the courtroom, as officers of this court."

We are of the opinion that he was correct in his ruling that the sheriff and deputy sheriffs be permitted to remain in the courtroom as to remove them would obviously diminish the efficiency of the court. However, for the reasons stated in the preceding division we hold he erred in permitting the victim, Mrs. Alberson, to remain in the courtroom despite the invocation of the sequestration rule.

*Judgment reversed. All the Justices concur.*