## 23311. ROACH v. THE STATE.

CANDLER, Presiding Justice. Freddie Roach was convicted of rape in Whitfield County on May 18, 1965, and sentenced to be electrocuted. The indictment against him was drawn under this State's second offense statute (*Code* § 27-2511) which provides: "If any person who has been convicted of an offense and sentenced to confinement and labor in the penitentiary shall afterwards commit a crime punishable by confinement and labor in the penitentiary, he shall be sentenced to undergo the longest period of time and labor prescribed for the punishment of the offense of which he stands convicted." In this case the indictment charged the defendant with having committed the offense of rape on September 8, 1964, on a named female and it also alleges that he had twice before been convicted of assaults with intent to rape in Whitfield County and sentenced in those cases to confinement and labor in the penitentiary for stated periods of time. From his conviction of May 18, 1965, he moved for a new trial on the usual general grounds and amended his motion by adding other grounds. He was denied a new trial and he timely filed an appeal to this court. *Held:*

1. Prior to trial, court-appointed counsel for the accused filed a petition in the Superior Court of Whitfield County in which they prayed for an order requiring the sheriff of that county to transfer the accused to the Milledgeville State Hospital for an examination of his mental condition on the date he allegedly raped Mrs. Hyatt and subsequent thereto, and that the superintendent of such hospital be required to furnish the solicitor general with a report in duplicate as to the mental condition of the accused. Judge Pope refused to grant the requested order and on January 20, 1965, the Court of Appeals affirmed his order. *Roach v. State,* 111 Ga. App. 114 (140 SE2d 919). Certiorari was subsequently denied by this court. They later amended the petition for a mental examination of the accused and prayed for an order directing that

he be examined by a competent psychiatrist and that such psychiatrist be required to render and furnish an opinion as to his mental condition. The judge refused to grant such order and error is enumerated on this ruling. There is no statute of force in this State which requires the judge on application therefor to have one accused of crime mentally examined, but assuming he has power to do so when such an examination is needed to comply with constitutional principles, we do not think the defendant in this case is entitled to a new trial because of the refusal of the judge to grant the order applied for. The defendant filed no special plea of insanity, no question respecting his mental condition was raised by any evidence introduced on the trial or by the defendant's statement, and the charge against him was defended solely on the ground of alibi and mistaken identity as to him.

2. On the call of this case for trial the judge complied with *Code* § 58-801 and put 48 competent jurors on the defendant. All of these in response to the statutory voir dire questions (*Code* § 59-806) gave answers showing their qualification to serve as jurors on the trial of this case. The defendant attacked the qualification of two of them (John R. Proffitt and Silas Morgan) on the ground that they had formed and expressed an opinion as to the guilt or innocence of the accused. Thereupon the judge conducted a hearing respecting the qualification of these two jurors and the evidence introduced on each hearing shows that neither had formed and expressed any opinion as to the guilt or innocence of the accused from having seen the crime committed or having heard any of the testimony delivered on oath. On the contrary, it showed that any opinion they, or either of them, had formed and expressed was based on what he had heard about the case and from newspaper accounts of the alleged rape. While these jurors admitted that they had formed and expressed an opinion about the case, each testified that his opinion was not so fixed and definite that it could not be changed on the trial of the case. To disqualify one from being a juror in a criminal case on the ground that he has formed and expressed an opinion as to the guilt or innocence of the prisoner, it must be an opinion which he has formed and expressed either from having seen the crime committed or having heard the testimony delivered on oath. *Code* § 59-806.1; *Wilburn v. State*, 141 Ga. 510, 511 (81 SE 444); *Morgan v. State*, 211 Ga. 172

(84 SE2d 365). The court did not err, as contended, in holding that these two jurors were qualified to serve.

3. On his voir dire, Herbert A. Jones, a prospective juror, stated that he was not opposed to capital punishment in rape cases. Counsel for the accused in conducting his individual examination of this juror asked him if he would in determining the guilt or innocence of the accused for the offense charged in the indictment, namely, rape, consider his convictions for the prior offenses alleged in the indictment. He answered: "Absolutely not." Counsel for the accused then asked the juror: "Would that evidence be *considered* by you in determining the kind or amount of punishment, if you otherwise felt that the defendant was guilty for this alleged offense?" The solicitor general interposed the following objection: "If the court please, I object to that voir dire question. The type and kind of punishment that is involved if he believes he committed those is prescribed by law, and not by what he would think or wish—it is mandatory if he so finds that they were committed." When this objection was interposed, the court said: "Yes. It would have to be given in the charge of the court on that question." No attack is made on the charge which the court subsequently gave concerning rape and the punishment which the jury should inflict for that crime in second offense cases. We do not think the court erred in sustaining the objection which the solicitor general interposed to the question propounded. Where there is a conviction under the second offense statute, the law requires the jury to apply the provisions of that statute in assessing punishment. When this question was propounded, counsel for the accused not only knew that the jury would be required to consider prior convictions in assessing punishment if they convicted the accused, but under such statute, they would be required to do so.

4. During the individual examination of John R. Proffitt, Jr., a prospective juror who had qualified for service on his voir dire examination, counsel for the accused was not permitted to ask him if he would, because of his acquaintance with and friendship for Donald McArthur—a former sheriff of Whitfield County, give more credit to his testimony than he would to that of other witnesses. The refusal to permit his question is enumerated as error. When this question was propounded, the judge stated that he would charge the jury on the subject

of credibility of the witnesses. *Code Ann.* § 59-705, which provides for an individual examination of each juror in a criminal case after the voir dire questions have been asked in enumerating the subjects upon which each juror may be examined provides: "Counsel for either party shall have the right to inquire of the individual jurors examined touching any matter or thing which would illustrate any interest of the juror in the cause, including any opinion as to which party ought to prevail, the relationship or acquaintance of the juror with the parties or counsel therefor, any fact or circumstance indicating any inclination, leaning or bias, which the juror might have respecting the subject matter of the suit, or counsel or parties thereto, and religious, social and fraternal connections of the juror." But Donald McArthur did not testify as a witness on the trial and it does not affirmatively appear that the accused was required to use one of his peremptory strikes to exclude Proffitt from service on the jury. Hence, no error is shown to have resulted from the court's refusal to permit the question propounded to this prospective juror by counsel for the accused. The burden is on him who asserts error to show it affirmatively by the record. In this connection see *Bland v. State,* 210 Ga. 100 (1) (78 SE2d 51).

5. After counsel for the State had concluded his individual examination of J. H. Duncan, a prospective juror, counsel for the accused on cross examination asked him: "Having previously had this defendant under your custody [as a convict guard] do you have an opinion as to his guilt or innocence of any offense other than the one he's charged with here today?" The juror answered: "I guess I would." Q. "You think you would have an opinion?" A. "Yes." From this the defendant contends that the disqualification of Duncan to serve as a juror was shown and that he should have been excused for cause. This contention is obviously without any merit.

6. Since the defendant was indicted under the second offense statute, he contends that the maximum punishment the jury could inflict on his conviction for rape would be the longest period of confinement and labor in the penitentiary prescribed as punishment for that offense and that the charge as given on capital punishment was improper and erroneous. This contention is untenable. It was settled by the full-bench decisions of this court in *Winston v. State,* 186 Ga. 573 (5) (198 SE 667, 118 ALR 719) and in *Coleman v. State,* 215 Ga. 865

(4) (114 SE2d 2) that the jury in capital felony cases may on conviction therefor inflict the death penalty though the defendant be indicted under the second offense statute.

7. Counsel for the accused timely invoked the rule of sequestration. Mrs. Lorine Hyatt, the prosecutrix and victim, had been summoned as a witness for the State and was present as such. The solicitor general requested that Mrs. Hyatt be permitted to remain in the courtroom and the court ruled that she need not go out with the other witnesses since she was the prosecutrix in the case, being so marked on the indictment. The enumeration of errors complains of this ruling. This court in the second division of *Swain v. State,* 151 Ga. 375 (107 SE 40) said: "Where in the trial of one indicted for murder the accused requested the sequestration of the State's witnesses, it was not an abuse of discretion in the court to allow the prosecutor, who was a brother of the person alleged to have been murdered, to remain in the courtroom during the trial and to testify as a witness after other witnesses for the State had testified. *Keller v. State,* 102 Ga. 506 (31 SE 92); *Taylor v. State,* 132 Ga. 235 (2), 236 (63 SE 1116); *Hudgins v. State,* 13 Ga. App. 489 (79 SE 367)." As to this holding all of the Justices concurred but Justices George and Gilbert dissented from the holdings in other divisions of the decision. Therefore this assignment of error is without merit. The court also refused to send the witness Donald McArthur out of the courtroom but since he was not used as a witness in the trial of the case, the defendant was not harmed by the court's refusal to send him out with the other witnesses.

8. Over an objection by the accused that it was obtained in consequence of an unlawful search and seizure, the court allowed in evidence a knife which Mrs. Hyatt identified as the one used by her assailant in the commission of a rape on her. We think no error resulted from this. The evidence shows that G. L. Schneider, a deputy sheriff of Whitfield County, found the knife in a parked and unoccupied automobile owned by Waring Auto Parts and on its parking lot. According to the defendant's statement, the automobile in which such knife was found was used by him and other named employees of Waring Auto Parts. The evidence shows that the knife was found by such officer while conducting an investigation of a recent rape on Mrs. Lorene Hyatt. The switchkey was in the lock of the car when Officer Schneider went to it, the

window on the driver's side was broken out, and the car was not locked. The reasonableness of the search and seizure about which the accused complains must be viewed in relation to the circumstances then existing and is in the first instance a question for the trial judge to determine. Ker v. California, 374 U. S. 23 (83 SC 1623, 10 LE2d 726). The Fourth Amendment to the Constitution of the United States (*Code* § 1-804) and Art. I, Sec. I, Par. XVI of the Constitution of Georgia (*Code Ann.* § 2-116) forbid unreasonable searches and seizures. In the circumstances of this case, we hold that the court did not err in allowing in evidence the knife which officer Schneider found in the unoccupied parked automobile owned by Waring Auto Parts which the accused and others used in the conduct of its business.

9. The appellant enumerates error on the court's failure to give the following timely requested charge: "I charge you that if you find an assault was committed and rape was intended but not consummated; that for some reason the essential ingredient of penetration or entrance was not effected, even though the assault was made for the purpose of committing rape; and if you are satisfied beyond a reasonable doubt that such was the truth of the case, then you may consider the law relative to the crime of assault with intent to rape, for the purpose of determining whether or not the defendant is guilty of that crime and offense." No error resulted from this. Where, as here, the evidence makes a case of rape or nothing, a charge on assault with intent to rape would not be adjusted to the evidence and under many decisions of this court would be erroneous. For some of the cases so holding, see *Kelsey v. State,* 62 Ga. 558; *Johnson v. State,* 73 Ga. 107 (1); *Harris v. State,* 101 Ga. 530 (29 SE 423); *Rich v. State,* 160 Ga. 513 128 SE 666); and *Andrews v. State,* 196 Ga. 84 (12) (26 SE2d 263).

10. Since the evidence was amply sufficient to authorize the verdict, the general grounds of the motion are without merit.

*Judgment affirmed. All the Justices concur, except Quillian, J., who dissents.*

ARGUED JANUARY 10, 1966—DECIDED FEBRUARY 2, 1966—
REHEARING DENIED FEBRUARY 16, 1966.

*Pittman & Kinney, Charles L. Pickell, John T. Avrett,* for appellant.

*Robert L. Vining, Jr., Solicitor General, Arthur K. Bolton, Attorney General, Rubye G. Jackson, Assistant Attorney General,* for appellee.

QUILLIAN, Justice, dissenting. For the reason stated in *Massey v. State,* 220 Ga. 883 (142 SE2d 832), and for that alone, I dissent from Headnote 7 of the opinion and from the judgment of affirmance.