## 44814.   SPARKS v. THE STATE.

JORDAN, Presiding Judge. This is an appeal from a conviction and sentence for the misdemeanor offense of drag racing on a public highway (see *Code Ann.* § 68-1626 (e) - (h)) and the overruling of a motion for new trial. *Held:*

1. There is no merit in the contention that the court erred in instructing the jury concerning the evidence of good character and its significance. The accused introduced evidence of his good character generally, which is unrebutted, and the record and transcript fails to disclose any specific request for instructions on the effect of character evidence in advance of the giving of instructions. The court instructed

the jury verbatim the provisions of *Code* § 38-202, stated that the accused had offered evidence of his good character, and followed this by instructions "to consider the evidence, along with all of the other evidence in the case, and give it whatever weight you may believe it is entitled to in reaching a verdict in the case. It is entitled to just such weight as you see fit to give it, along with such other evidence in the case." See *Keys v. State,* 112 Ga. 392 (5) (37 SE 762, 87 ASR 63) ; *Jones v. State,* 130 Ga. 274 (12) (60 SE 840) ; *Taylor v. State,* 83 Ga. App. 735 (3) (64 SE2d 598).

2. There is also no merit in the contention that the court erred in failing to instruct the jury on the penalties which the judge could impose in the event of conviction of the misdemeanor offense charged. It was the sole duty of the jury to determine the guilt or innocence of the accused without regard to or knowledge of the possible consequences.

3. It is further contended that the court erred in failing to sequester a witness, Sergeant Abernathy, and in allowing him to remain in the courtroom during the trial of the case. We do not think so.

This member of the Georgia State Patrol was the prosecutor of record, having sworn to the accusation. At the outset of the trial the accused invoked the rule (*Code* § 38-1703) and objected to Sergeant Abernathy's presence in the courtroom as a prosecutor or as a witness, unless he testified first. This objection was overruled, and his companion, another member of the patrol, testified first.

Among other cases, the accused relies on *Massey v. State,* 220 Ga. 883 (142 SE2d 832), where the Supreme Court stated (p. 895) that even if a victim be accorded the status of a prosecutrix, "she would not have been entitled to remain in the courtroom and hear all of the other State's witnesses before she testified," and held that it was harmful error requiring the grant of a new trial to refuse to apply the rule to her, no reason appearing to apply an exception.

Nevertheless, in a more recent decision, *Roach v. State,* 221 Ga. 783 (7) (147 SE2d 299), in which the accused invoked the rule of sequestration, the Supreme Court upheld the action of the trial court in allowing the prosecutrix to remain in the courtroom at the request of the State's attorney, although his reason for the request, if any, other than that she was

the prosecutrix, does not appear in the report of the case. In reaching this conclusion the court relied on *Swain v. State*, 151 Ga. 375 (107 SE 40), upholding the action of the trial court in allowing the prosecutor, the brother of a murder victim, to remain in the courtroom and to testify as a witness after other State's witnesses had testified, no reason appearing in the report for his presence, except that he was the prosecutor.

The citations in the *Swain* case include *Hudgins v. State*, 13 Ga. App. 489 (79 SE 367) in which the statement is made (p. 490) that "So far as we know, the practice is almost universal for the court to permit the prosecutor, whose name appears on the indictment, to remain in the courtroom throughout the trial, to aid the solicitor general in the conduct of the case. Of course, in passing upon the credibility of a prosecutor's testimony, if he should be a witness, the jury would take into consideration the fact that he heard the testimony, just as they would view his testimony in the light of his interest as a prosecutor."

While it may be a commendable rule to require a prosecutor in a criminal case to testify first, if he is to be a witness for the State and is to be permitted to remain in the courtroom during the trial, we consider the *Roach* and *Swain* cases and the cases relied upon in these decisions, which accord to the prosecutor in a criminal case the same status as if he were a party, to be controlling precedents.

4. The trial court did not err in overruling the motion for new trial.

> *Judgment affirmed. Whitman and Evans, JJ., concur.*

SUBMITTED OCTOBER 7, 1969—DECIDED FEBRUARY 5, 1970.

*Howe & Murphy, D. B. Howe, Harold L. Murphy,* for appellant.

*Wayne W. Gammon, Solicitor,* for appellee.