## 50871. DANIELS v. THE STATE.

BELL, Chief Judge.

The defendant was convicted of theft by taking. On appeal he raises two issues: (1) The denial of his motion to suppress the in-court identification testimony of two witnesses for the state; and (2) Whether the evidence authorized the conviction.

The evidence at the suppression hearing and at trial shows that an individual identified as the defendant entered a rural grocery store, made a purchase, and left. The store was lighted with fluorescent lights. Thirty minutes later, the defendant returned and asked to purchase more merchandise. While the store owner was obtaining the desired merchandise, he heard "something hit the floor." On looking, the defendant and the owner's cash register and its contents were gone. The victim went outside and saw the defendant drive off in a car. Another state witness testified that he saw the defendant on three separate occasions in the vicinity of this store on the date of the theft. The defendant was arrested about one week later. Very shortly after the arrest defendant was taken, and according to a deputy sheriff's testimony at

defendant's own insistence, to the victim's residence for the purpose of identification. At the confrontation the defendant was sitting in the sheriff's car and the lighting was poor at this place later in the evening. The store owner was unable to make a positive identification of defendant at this time due to the poor lighting. The other witness identified the defendant as the person he saw in the vicinity of the store on the three occasions. These identification procedures were done in the absence of counsel. Sometime later, the store owner was shown by the police approximately twelve photographs which included pictures of the defendant. The victim identified defendant's photo as the person who had entered his store. *Held:*

1. In United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149), the Supreme Court held that courtroom identification by a witness to whom the defendant was exhibited in the absence of counsel before trial must be excluded unless it can be shown that the identification evidence had an independent origin or was not tainted or exploited by the lineup procedure. In applying this test, one relevant factor is the prior opportunity of the witness to observe the alleged criminal act and its perpetrator. Here the defendant was seen in this well lighted store, not once, but twice within a very short period of time. The other witness clearly established that he saw an individual that he identified as defendant on three separate occasions. This demonstrates that the in-court identification testimony was of an independent origin and not tainted by the police exhibiting defendant singly to these witnesses in the absence of counsel.

In a case involving photographic identification, "each case must be considered on its own facts, and . . . convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States,* 390 U. S. 377, 384 (88 SC 967, 19 LE2d 1247). There is not the slightest evidence that the photographic identification procedures used here by the police were

impermissibly suggestive so as to lead to the misidentification of defendant. Again the opportunity of the witness to observe the crime and the party involved in this well lighted store shows that the identification of defendant was correct.

2. The evidence authorized the conviction.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

SUBMITTED JUNE 17, 1975 — DECIDED JULY 16, 1975 — REHEARING DENIED JULY 31, 1975.

*Lowery S. Stone,* for appellant.
*Ralph H. Foster, District Attorney,* for appellee.