## 57198. BEARDSLEY v. THE STATE.

DEEN, Chief Judge.

The defendant, convicted of armed robbery, files this appeal complaining of the overruling of his motion for new trial on the general and one special ground.

1. Beardsley was identified by the employee of a filling station as the person who had held him up at gun point and taken the available cash. The victim's father, who drove up just as the defendant left, followed him in his car, keeping him in sight at all times, and eventually caused the defendant's vehicle to stop; the defendant was apparently psychologically overpowered, returned the money to the witness, and said, "I had to do it; my son and I were hungry." The defendant was referring to a boy thought at the time to be a juvenile who was arrested with

him but who was not his son. Peace officers summoned by CB radio arrived and arrested Beardsley, who on being questioned admitted that he had thrown his gun to the side of the road near the car, from which location it was retrieved. The evidence to sustain the conviction is ample.

2. As to the remaining ground, a motion seeking to have a psychiatric examination furnished at the expense of the state was filed on January 31, 1978, and apparently overruled.

"In *Roach v. State,* 221 Ga. 783 (147 SE2d 299) [cert. den., 385 U. S. 935] it appears that counsel prayed for an order directing that the accused be examined by a competent psychiatrist and that the psychiatrist be required to furnish an opinion of the mental condition of the accused. The trial judge refused to grant the prayer and on appeal the accused asserted error on the ruling. This court held (p. 784): 'There is no statute of force in this State which requires the judge on application therefor to have one accused of crime mentally examined, but assuming he has power to do so when such an examination is needed to comply with constitutional principles, we do not think the defendant in this case is entitled to a new trial because of the refusal of the judge to grant the order applied for.' . . . In *Lingo v. State,* 224 Ga. 333, 341 (162 SE2d 1) this court did hold that the trial judge has the inherent right to investigate the sanity of an accused before trial, and that the trial judge did not err in ordering a psychiatric examination of the accused one day after arrest. This, of course, does not mean that investigation is mandatory, even if there be some reason to question sanity. Instead, the ruling implies the exercise of a sound discretion, with or without any motion on behalf of the accused." *Taylor v. State,* 229 Ga. 536, 537 (1) (192 SE2d 249).

There is in fact included in the record a "psychological evaluation" conducted by a correctional psychologist, dated February 1, 1978, which, by the nature of its contents, does not appear to have been used on the trial of the case, but which was available to the trial court. This "evaluation" had been requested by the judge of the Crisp County Superior Court "to explore certain areas of maladjustment and develop an optimum program

of rehabilitation for Mr. David Beardsley [defendant]."

Under the circumstances disclosed by the record and transcript, including the "psychological evaluation" in the case sub judice there was no violation of due process in the failure of the trial court to grant defendant's motion for psychiatric examination. No error appearing, this enumeration is not meritorious.

*Judgment affirmed. McMurray and Shulman, JJ., concur.*

Submitted February 12, 1979 — Decided February 28, 1979 — Rehearing denied March 30, 1979 —

*A. Frank Grimsley,* for appellant.
*D. E. Turk, District Attorney,* for appellee.