## 57789. MORRIS v. THE STATE.

UNDERWOOD, Judge.

Appellant Morris, having been convicted of armed robbery, appeals urging the general grounds and further contends that the identification of him as the robber was tainted in several respects. We affirm.

About 10:30 p. m. on July 22, 1978 a Majik Market in Albany, Georgia was robbed by a man wearing a stocking cap and carrying a handgun. He fled on a bicycle and was observed by two witnesses both of whom identified him as being Morris. At the trial, Morris insisted he was at a poolroom at the time of the robbery. A review of the record shows the evidence is sufficient to support the verdict. Accordingly, the enumerations based upon the general grounds are without merit.

Enumerations 4 and 5 both relate to the identification of Morris as the perpetrator of the robbery. The basis of Morris' contentions is that he was placed in a room by himself and allowed to be viewed by the three identification witnesses after they were told by the police that they had a suspect in custody. He further contends that two of the three witnesses had been unable to pick his picture out of a group of mug shots or photographs and that his voice identification by the store clerk was also tainted.

The first state witness, Tucker, was in a phone booth when a man on a bicycle, carrying a handgun, stopped and

had a short conversation with him. Tucker testified that Morris looked like the man he saw, but he couldn't be positive as it was dark and he had never seen Morris before. The second identification witness was Fred Stanley, who lived across the street from the Majik Market and was departing his home to go to work as a security guard. He had a good opportunity to observe the man, as it was a well-lighted area and the man passed within 12 to 15 feet of him. He observed the man closely, as he had been informed that the same store had been robbed previously by a black man wearing a stocking cap and riding a bicycle. Stanley went to the police station, looked at some photographs and identified Morris. He identified Morris in court positively as the man he had seen on the night in question.

Mrs. Fordham, the woman on duty when the store was robbed, identified Morris by his voice, and at the trial she testified "but when I saw him in court, I knew it was him. The minute I saw him, I knew it was him."

In United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149) the United States Supreme Court held that "courtroom identification by a witness to whom the defendant was exhibited in the absence of counsel before trial must be excluded unless it can be shown that the identification evidence had an independent origin or was not tainted or exploited by the lineup procedure. In applying this test, one relevant factor is the prior opportunity of the witness to observe the alleged criminal act . . ." *Daniels v. State,* 135 Ga. App. 549, 550 (218 SE2d 274) (1975). Here, the defendant was seen face to face by witness Fordham in a well-lighted store, she described the clothing he was wearing and gave a reasonably accurate description of his height (5'10" to 6'). Her physical description of Morris was corroborated by Stanley, as well as the clothing he was wearing. Witness Stanley also observed Morris in a well-lighted area at close range and saw his face not once, but twice, after observing Morris come out of the store hurriedly. He identified Morris' picture positively, and there was nothing in the mug shots or photographs shown to Stanley that was impermissibly suggestive.

In *Daniels,* supra, this court held that "In a case

involving photographic identification, 'each case must be considered on its own facts, and . . . convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification' Simmons v. United States, 390 U. S. 377, 384 (88 SC 967, 19 LE2d 1247)." As Stanley was the only witness to identify Morris from his photograph, there is no evidence that the procedures used by the police were impermissibly suggestive so as to lead to a misidentification of Morris.

As to the voice identification by Fordham, this court has held that "a witness may identify a defendant by voice recognition even though his knowledge of the accused's voice was acquired after the event to which the witness testified. *Worthy v. State,* 184 Ga. 402 (191 SE 457); *Taylor v. State,* supra. And the probative value to be accorded such evidence is a matter for the jury's determination. *Fussell v. State,* 93 Ga. 450 (21 SE 97)." *Willingham v. State,* 134 Ga. App. 603, 604 (215 SE2d 521) (1975).

We conclude that the identification testimony was admissible and was sufficient to authorize the jury's verdict.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED MAY 2, 1979 — DECIDED JULY 10, 1979.

*Clayton Jones, Jr.,* for appellant.
*William S. Lee, District Attorney, Hobart M. Hind, Assistant District Attorney,* for appellee.