## 57656. McCRANIE v. THE STATE.

UNDERWOOD, Judge.

McCranie was convicted of armed robbery and on appeal enumerates six errors. The evidence presented to the jury is summarized as follows:

Shortly after 7 p.m. on January 19, 1977 Mr. and Mrs. John Ham were at their home, which is attached to a general merchandise store they operate in Smarr, Georgia. The doorbell rang and when Mr. Ham went to the door, a man later identified as McCranie was at the door

and asked to use the telephone, indicating he wanted to call a wrecker because he was having car trouble. Mr. Ham allowed him to enter and showed him the telephone. McCranie dialed and talked briefly, but then took a handgun out of his pocket and said "[T]his is a stickup." About the same time a second man came through the door. McCranie forced Mr. Ham back to the room where his wife was watching television and told him to lie down on the floor and keep his head down. When Mr. Ham tried to look around to see the two men, McCranie threatened to shoot him if he didn't keep his head down. The second man, who also had a gun, forced Mrs. Ham to get on the floor despite the fact she was crippled.

The two men searched the house and took a bag containing one dollar bills and change, a shotgun, and Mr. Ham's wallet. The amount of money taken was estimated as $350.

Although Mr. Ham could not identify McCranie from photographs, he identified him in court as the man who first came to the door. Mrs. Ham picked McCranie from a group of photographs shown her by a deputy sheriff three or four days after the offense occurred, and also identified him positively in court as the man who first came and asked to use the telephone.

1. McCranie contends the trial court erred in overruling his motion for a new trial because the evidence does not support the verdict. Code Ann. § 26-1902 (a) defines armed robbery, in part, as follows: "A person commits armed robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another by use of an offensive weapon." The acts committed here clearly come within the definition of armed robbery, and the evidence amply supported the verdict of guilty. The victims of the robbery both identified the accused as the robber who ransacked their house at gunpoint and took a billfold from Mr. Ham. The trial court did not err in overruling the motion for a new trial on the general grounds. *Foster v. State,* 230 Ga. 186 (2), 187, 188 (195 SE2d 902) (1973). After a review of the entire record, we find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt.

Jackson v. Virginia, — U. S. — (99 SC 2781, 61 LE2d 560) (1979).

2. McCranie next contends the trial court erred in denying his motion to suppress the identification testimony of Mrs. Ham. In her testimony she described the man who used the telephone as thirty years of age or older, and identified McCranie in court positively as the man who used the telephone. About a week after the robbery occurred, a police officer came to Mrs. Ham's house and showed her eight photographs; she picked McCranie's photograph as the man who used the telephone. After picking McCranie from the photographs, the officer nodded his head and said "that's one of them." This court has held that "[i]n a case involving photographic identification, 'each case must be considered on its own facts, and . . . convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.' Simmons v. United States, 390 U. S. 377, 384 (88 SC 967, 19 LE2d 1247)." *Daniels v. State,* 135 Ga. App. 549, 550 (218 SE2d 274) (1975). There is nothing in the record to indicate that the procedure used in showing the photographs to Mrs. Ham was impermissibly suggestive. The officer merely asked Mrs. Ham to look at the photographs and see if she could identify any of the persons depicted. The case of *Dodd v. State,* 236 Ga. 572, 573 (224 SE2d 408) (1976) does not hold that it is "highly irregular" for a police officer to tell a witness he has chosen the correct person, as urged in appellant's brief. Rather it held that "[I]t is not a good practice to indicate to a witness that he has chosen the 'right' person as it *could* lead to an improper tainting of a subsequent in-court identification in a questionable case. However, whether a subsequent in-court identification is tainted depends on all the circumstances of each case." (Emphasis supplied.) The court went on to cite Simmons, supra, and to hold that the identification procedure did not taint the in-court identification under the circumstances of that case. Similarly, we find nothing in the present case to indicate

that the photographic procedure tainted Mrs. Ham's in-court identification. Accordingly, this enumeration is without merit.

3. Appellant contends it was error to admit the shotgun into evidence because of a conflict in testimony as to whether it was a .12 gauge or a .16 gauge gun and because it was not sufficiently connected to the robbery. Both Mr. Ham and his son identified the shotgun as the one stolen from the Ham residence although the stock and barrel had been sawed off. Mr. Ham said it was a Stevens double-barrel shotgun, .12 gauge, about sixty years old. He further identified the gun as being his by the fact that after it was opened "that thing over there has always been that a way. It didn't ever come back good." Two other witnesses testified that the shotgun in question, which was found in a car in Bibb County three days after the robbery, was a .16 gauge shotgun. We do not find this technical conflict to render the shotgun inadmissible in view of the total testimony concerning its identification. The fact that McCranie's fingerprints were found on the automobile in which the shotgun was discovered "connected" it with the robbery. The probative value and weight to be given evidence are matters to be determined by the jury. *Tam v. Newsome,* 141 Ga. App. 76 (232 SE2d 613) (1977); *Felker v. State,* 144 Ga. App. 458, 459 (2) (241 SE2d 576) (1978); *Dudley v. State,* 141 Ga. App. 431, 432 (233 SE2d 805) (1977); *Patterson v. State,* 233 Ga. 724, 725 (2) (213 SE2d 612) (1975). There was no error in admitting the shotgun in evidence.

4. The court's reference to "the prisoner at the bar" was not reversible error. *West v. State,* 229 Ga. 427, 429 (192 SE2d 163) (1972). See *Clary v. State,* 151 Ga. App. 301 (1979).

5. The remaining enumeration of error is that the sequestration rule was not properly applied during the trial. Upon review of the record and controlling authorities we find no harmful error in the manner in which the rule was applied.

The record includes a stipulation of counsel as to an omission in the trial transcript concerning the invocation of the sequestration rule. The stipulation provides: "The transcript omits an objection of the defendant as to Officer

Jack Pitts being allowed to remain at the prosecutor's table and not being subject to the rule of sequestration. The state argued that [deputy sheriff] Jack Pitts' presence was required in order to present their case in an orderly fashion. Defendant responded by requesting that the court require Officer Pitts to testify first. The court overruled the defendant's objection and refused to require Officer Pitts to testify first."

During the trial, Officer Pitts was called as a witness after having been present in the courtroom during the testimony of six other witnesses for the state.

Code Ann. § 38-1703 provides: "In all cases either party shall have the right to have the witnesses of the other party examined out of the hearing of each other. The court shall take proper care to effect this object as far as practicable and convenient, but no mere irregularity shall exclude the witness." This court has long recognized several exceptions to the right of sequestration including the right of the prosecutor listed on the indictment to remain in the courtroom during the trial, *Sparks v. State,* 121 Ga. App. 115 (173 SE2d 239) (1970) and the trial judges are authorized to use discretion in granting an exception with respect to any witness needed to assist the prosecuting attorney in the orderly presentation of his case. *Massey v. State,* 220 Ga. 883 (142 SE2d 832) (1965); *McNeal v. State,* 228 Ga. 633 (187 SE2d 271) (1972). However, "[u]nder the rule of sequestration . . . the burden is on the party who seeks to have a witness excepted from the rule to request a ruling from the trial judge to that effect . . . [t]he proper procedure . . . where the rule has been invoked and the district attorney needs the assistance of a witness during the prosecution of a case, is for him to specifically request that the trial judge make an exception to the rule at the commencement of the evidence . . . [i]f the request is granted, the district attorney should present the excepted witness first or explain to the satisfaction of the trial court why the witness cannot be called first." *Parham v. State,* 135 Ga. App. 315, 320-321 (217 SE2d 493) (1975); *Jarrell v. State,* 234 Ga. 410, 421 (216 SE2d 258) (1975); *Whitfield v. State,* 143 Ga. App. 779, 790 (240 SE2d 189) (1977).

While the colloquy on this matter between the court

and counsel was not recorded, it is clear from the stipulation that the district attorney conveyed to the court why he needed Pitts' assistance in the courtroom in order to present the case in "an orderly fashion." In these circumstances we will conclude that the district attorney's explanation of his need for Pitts' presence in the courtroom in order to proceed in "an orderly fashion" encompassed an explanation "to the satisfaction of the trial court" as to why Pitts should not be called first.

*Judgment affirmed. Banke, Acting P. J., and Carley, J., concur.*

SUBMITTED APRIL 10, 1979 — DECIDED OCTOBER 22, 1979 —

*Randall P. Harrison, Randall A. Meincke,* for appellant.

*E. Byron Smith, District Attorney,* for appellee.